WELLS *against* BALDWIN.

THIS was an action of debt, for the penalty of a bond. The defendant craved oyer, and set out the bond and condition. The bond, dated the 18th of *May*, 1817, was for the penal sum of 700 dollars, conditioned for the payment of 350 dollars, as follows, to wit: 100 dollars on the 15th of *August* next; 200 dollars on the 1st of *November* next, and 50 dollars on the 1st of *January* next. The defendant then

*Where the plaintiff brought an action of debt on a bond executed by the defendant to the plaintiff, with a condition to pay a certain sum of money, on a certain day; and the de-* fendant pleaded, that the bond was given as collateral security for the performance of a certain contract or agreement made between the parties, &c. the plea was held bad; for, where the condition of a bond is for the payment of money at a fixed day, evidence contradictory or varying such express condition is inadmissible. But if the bond is without a condition, and the plaintiff executes a separate instrument of defeasance, such defeasance may be pleaded to an action on the bond

pleaded, 1. *Non est factum;* 2. That the bond, together with a mortgage of the same date, on fifty acres of land, were given as collateral security for the performance, on the part of the defendant, of a certain contract or agreement entered into between the plaintiff and defendant, made at the same time and place, by which the plaintiff, on his part, promised and agreed, at his own expense, to clear twenty acres of land belonging to the defendant, in the manner therein stated, before the first day of *November* then next; and by that agreement it was provided and agreed, that in case any dispute or variance should arise between the parties relative to the performance of the said contract, it should be referred to arbitrators named, or any two of them, whose decision should be conclusive between the parties; that after the expiration of the time for completing the contract, a variance and dispute arose between the parties relative to the performance of the contract, and it was submitted to the arbitrators so named, who met and heard the parties, and two of them made and published an award, under their hands and seals, upon the matter in dispute; to wit, that the job (clearing the twenty acres of land) was not done according to the contract; and so, the defendant averred, that the bond became discharged, inoperative, and of no effect, and prayed judgment, &c.

To this plea the plaintiff demurred, and the defendant joined in demurrer, which was submitted to the Court without argument.

SPENCER, Ch. J. delivered the opinion of the Court. If the facts set forth in the plea demurred to, really exist, I regret to say, that a court of law is not competent to afford the defendant relief.

In the case of *Mease* v. *Mease,* (*Cowp.* 47.) the action was debt on a bond conditioned for payment at a certain day; plea, that it was given as an indemnity to the plaintiff's testator against another bond, and plaintiff not damnified, and on demurrer to this plea, the question was, whether the agreement stated in the plea could be given in evidence against the express condition of the bond. It was argued for the

plaintiff, that no parol evidence could be received, to abate, or extend a bond or deed. Lord *Mansfield* pronounced the plea to be clearly bad, and judgment was given for the plaintiff. In *Thompson* v. *Ketchum*, (8 *Johns. Rep.* 192.) this Court decided, that where a note had been given in *Jamaica*, promising to pay the plaintiff a sum of money, evidence was inadmissible to show an agreement, that the money was to be paid on the arrival of the parties in *New-York ;* on the ground that it was against an established rule of law to vary the operation of a writing by parol proof. To this point are, also, *Cro. Eliz.* 697. and *Meres* and *Ansel,* (3 *Wils. Rep.* 275.) and many other cases. Had the defendant entered into a bond without a condition, and taken from the plaintiff a defeasance in a separate instrument, referring to the bond, making it inoperative, if the plaintiff did not perform the agreement to clear the twenty acres of land in a particular way, and had he failed to do so, then the defeasance might have been pleaded ; but here the bond is with a condition, that the defendant shall pay certain sums of money at fixed days, and it would be contradicting and impugning the bond, to admit proof, that instead of paying the money stipulated in the condition, the plaintiff was not to be paid, unless he cleared certain lands in a particular manner. It would be against the strong current of authority to admit such a defence.

Judgment for the plaintiff, with leave to the defendant to amend, on payment of costs.