### ·Swart and others *vs.* Service.

*Parol evidence* is admissible *at law* to show that an instrument, purporting on its face to be a *deed*, is in fact a mortgage.

Such evidence may be given by a defendant in ejectment, without connecting himself with the title of the party executing the conveyance.

The *deed* being shown to be a *mortgage*, the defendant may insist upon *lapse of time* as raising the presumption of payment; such defence, however, is not necessary in such case, as showing the deed to be a *mortgage* bars a recovery.

A *grantor* cannot set up the defence of *adverse possession* against his *grantee* or those deriving title from him.

See the *dissenting opinion* of Mr. *Justice* Bronson upon the principal point, that *parol evidence* is admissible *at law* to show a *deed* to be in fact a *mortgage.*

This was an action of ejectment, tried at the Saratoga circuit in May, 1837, before the Hon. John Willard, one of the circuit judges.

The plaintiffs, the children of James Swart, deceased, who was the only child and heir at law of *Derick Swart*, showed title by *lease and release*, bearing date 24th and 25th September, 1784, executed by *John Cuerdon* to *Derick Swart*, conveying 68 acres of land, the premises in question: which instruments of lease and release were duly acknowledged by Cuerdon on the *sixth* day of *April*, 1804. *Cuerdon*, the releasor of the premises, died in possession of the premises eight or nine years before the trial, having occupied them since the date of the lease and

Swart v. Service.

release. The defendant was in possession of the premi. ses at the commencement of the suit. He offered to prove that the *lease* and *release* was in fact given as a *mortgage* for the security of a debt due from Cuerdon to Swart, and that the debt was paid by Cuerdon to Swart many years before his death : this evidence was objected to, unless the defendant would connect himself with Cuerdon, and the objection was sustained by the circuit judge. The defendant then requested the judge to charge that the evidence established an *adverse possession* in Cuerdon. The judge refused so to charge, and directed a verdict for the plaintiffs, and the jury found accordingly. The defendant now moved for a new trial on the two grounds raised at the circuit, and on the additional ground, that from lapse of time, *payment* of the mortgage might be presumed.

*M. T. Reynolds*, for the defendant.

*S. Stevens*, for the plaintiffs, insisted that a *grantor* cannot set up *adverse possession* against his grantee ; and that it is not admissible at law to give parol evidence, showing that a deed is in fact a mortgage, unless *fraud* or *mistake* be shown.

*By the Court*, COWEN, J. The first offer made by the defendant had no dependence on privity of title between him and Cuerdon. It was a simple offer to prove an outstanding title, by turning the conveyance by lease and release into a mortgage, and showing its extinction by payment. That would divest the title of Swart and of his grandchildren, the plaintiffs; for payment extinguishes a mortgage at law as well as in equity. *Jackson, ex dem. Rosevelt*, v. *Stackhouse*, 1 Cowen, 122. But independent of that, if Swart were a mere mortgagee, neither he nor those claiming under him could recover. 2 R. S. 237, § 37, 2d ed. *Jackson, ex dem. Titus*, v. *Myers*, 11 Wendell, 533, 538, 539. *Stewart* v. *Hutchins*, 13 Wendell, 485. *Morris* v. *Mowatt*, 2 Paige, 586.

It has often been held in the courts of equity of this state, that a deed, though absolute on its face, may, by parol evidence, be shown to have been in fact a mortgage in the terms offered here; and the same doctrine was held by this court in *Roach* v. *Cosine*, 9 Wendell, 227, and *Walton* v. *Cronley's Adm'r*, 14 id. 63, equally applicable to a court of law, and has it seems ceased to be the subject of contest; for no objection to the doctrine is now made. For one, I was always at a loss to see on what principle the doctrine could be rested, either at law or in equity, unless fraud or mistake were shown in obtaining an absolute deed where it should have been a mortgage. In either case, the deed might be rectified in equity; and perhaps even at law, in this state, where mortgages stand much on the same footing in both courts. Short of that, the evidence is a direct contradiction of the deed; and I am not aware that it has ever been allowed in any other courts of equity or law. But with us the doctrine is settled, and I am not disposed to examine its foundations, at least, without the advantage of discussion.

It is not necessary to say whether the lapse of time might be called in as presumptive proof of payment, though that, as a general doctrine, is too clear to be disputed. If the defendant, on a new trial, shall succeed in making out a mortgage, he will be entitled to such proofs of payment as the nature of his case may afford, subject to the answering proofs of the plaintiffs, provided proof of payment shall become necessary.

It will not, however be necessary that we see, to complete his defence here, whatever it may be on a bill filed to foreclose by the representatives of Derick Swart; for since the revised statutes, showing that the plaintiffs or those under whom they claim are mere mortgagees, proves as we have seen, an outstanding title.

There was no evidence of adverse possession in Cuerdon. I am of opinion that a new trial should be granted; the costs to abide the event.

The CHIEF JUSTICE concurred.

Mr. Justice BRONSON delivered the following dissenting opinion :

Although I seldom allow myself to depart from the decisions of those who have gone before me in this court, I cannot agree with my brethren in following one or two recent cases which hold that an absolute deed can be turned into a mortgage in a court of law, by parol evidence. Where the transaction was intended as a mortgage, and through fraud or mistake the conveyance has been made absolute in its terms, a court of equity, acting upon well established principles can reform the deed. But this will only be done on a direct and appropriate proceeding for that purpose, and after such ample notice to all parties in interest, as will tend most effectually to guard against surprise, fraud and false swearing. And besides, a court of equity can and will protect third persons, who may have parted with their money on the faith of the deed. But a court of law has neither power nor process to reform a deed. If parol evidence to contradict or insert a condition in the conveyance can be received at all, it must of necessity be in a collateral proceeding; and it must be received whenever either party chooses to offer it. It can be given without notice, and without the means of guarding against the obvious danger of fraud, surprise and perjury. And beyond this : when a court of law turns an absolute deed into a mortgage, it has no power to protect a bona fide purchaser. Other mischiefs will be likely to result from admitting such evidence ; but without attempting at this time to point them out, I shall content myself with dissenting from what I deem a new and very dangerous doctrine.