## RUSSELL v. KINNEY and others.

The complainant set forth a bond and mortgage, conditioned for the payment of money absolutely, and stated that a part of the consideration was to be paid by him in stone, after the date of the mortgage, and that it was so paid.   On failing to prove this statement, he may still rely upon the evidence of a paid consideration furnished by the mortgage itself.

Parol evidence is not admissible to show, that such a bond and mortgage were not to be paid, unless the mortgagee, and two other persons, to whom he furnished materials, fulfilled a contract of the latter for executing the stone work of certain houses, which the mortgagor was erecting; there being no fraud or mistake, surprise or accident, in the case.

The grantee of the equity of redemption took a conveyance subject to the mortgage.

*Held,* that she was not thereby precluded from availing herself of any valid defeasance of the mortgage, or showing that the debt was partly paid.

April 18, 19; June 15, 1843.

THE bill in this cause was filed to foreclose a mortgage, for $1500, executed by Henry A. Burr to the complainant, on the 1st day of November, 1837, accompanied by a bond executed by Burr, with Whitehead & Turner. The mortgaged premises were conveyed by Burr to G. M. Sloat, subject to the mortgage; by Sloat they were conveyed to the defendant Van Hook, and by the latter to the defendant Kinney.

The mortgage grew out of the operations of Elisha Bloomer, who, in August, 1837, contracted in the name of Burr, by a writing under seal, with Whitehead & Turner, for the dressed free stone requisite for the erection of six houses on the Third Avenue; one on the lot in question, and five on adjoining lots. W. & T. were to receive $2400 for the whole job, of which $350 was to be paid when the water table was on, and $300 when the brick-work was up and inclosed. At the same time, they had a contract with Bloomer, (also in Burr's name,) for two houses which he was building in East Broadway. The complainant's firm, Russell & Hall, owned a free stone quarry at Chatham, Conn., and supplied W. & T. with the rough stone. In June, 1837, they had shipped stone of the value of $313 73, and in August of the value of $181 89, to Whitehead & Turner. On the 12th of October, they shipped a further supply, amounting to $598 02; and making the aggregate to that time, $1093 64.

The complainant then refused to furnish any more stone, unless he was paid or secured; and, a short time before the mortgage was given, came to New-York to obtain payment of his demand, or to advise with W. & T. on that subject. The six buildings had been commenced, and an instalment was due to W. & T. on their contract, which they were unable to obtain from Burr or Bloomer. Bloomer was notoriously insolvent, and Burr not considered as much better. Whitehead & Turner's reputation for solvency was not very good. At this period Burr executed the mortgage; and so far the facts were clearly ascertained.

It was claimed by the defandants, that the sole consideration of the mortgage was an agreement on the part of the complainant, to furnish to Whitehead & Turner, sufficient rough stone

to complete the six buildings, and the further agreement of the complainant, that Burr was not to be liable to pay any part of the mortgage, until W. & T. fulfilled their contract. The defendants then allege, that W. & T. never completed their contract, and that other mechanics were employed to finish their job, at an expense exceeding the whole price agreed to be paid to W. & T. By the agreement, as set up in the answer, the $1500 in the mortgage, was to apply as a payment towards the $2400 on the contract of Burr with W. & T. This agreement, it was alleged, was in writing, and executed by Russell; but it was insisted, that if the agreement were by parol, it was equally valid to defeat the mortgage.

The defendants went into proof to show the existence of a written agreement to the same effect, and its loss; as well as to establish by parol evidence the agreement set up in the answer.

The complainant proved the delivery of a further quantity of stone to Whitehead & Turner in November; and the whole amount which was delivered exceeded $1700.

*J. T. Brady,* for the complainant.

*F. S. Kinney* and *George Wood,* for the defendants.

THE ASSISTANT VICE-CHANCELLOR.—The complainant establishes his right to a decree, in the first instance, by the production of a mortgage for the payment of $1500, with interest, in one year from its date, duly acknowledged and recorded. The statement in his bill of a particular mode of paying the consideration, for which the mortgage was given, does not deprive him of the benefit of the *prima facie* evidence of a paid consideration, furnished by the mortgage itself. If the statement be proved, it is very well. If not, then the admission of a consideration in the mortgage, is evidence that there was a consideration paid in some manner. The defendants cannot be permitted to estop the complainant by his statement, and at the same time deny the truth of the statement itself. The burthen of invalidating this security, therefore, rests upon the defendants.

In attempting to show its invalidity, they claim that the agreement, set up in their answer, if made by parol, constitutes a sufficient defence.

To this proposition I cannot assent. It is true that our courts have proceeded far beyond the courts of any other state or country in which the common law prevails, in the admission of parol evidence to invalidate contracts in writing and under seal; but I believe they have never gone as far as is insisted upon here, and it is not for me to extend the dangerous innovation. The admission of such evidence to the extent now established, has been deprecated and opposed by several of our learned judges ; and in the last reported case at law to which I have been referred, one of the ablest judges that ever adorned our bench, dissented from the opinion of his brethren; while the latter avowedly acted upon prior adjudications, against their own convictions of the impropriety of the evidence. *Swart* v. *Service*, (21 Wend. 36.)

The authorities are, to my mind, conclusive against the admission of parol evidence of the agreement or condition set up in this case.

In *Mease* v. *Mease*, (Cowp. 47,) in an action on a bond for the payment of money, a plea setting up that the bond was given as an indemnity to the plaintiff's testator against another bond, and that he had not been damnified, was held to be clearly bad.

In *Wells* v. *Baldwin*, (18 Johns. 45,) which was an action on a similar bond, the defendant plea ded that the bond together with a mortgage, were given as collateral security for the performance of a contract for clearing land, which contract provided for an arbitration between the parties in the case of a difference, that the arbitration had been held, and an award made finding that the plaintiff had not performed the contract. The plea was held to be bad.

In *Jackson d. Dox* v. *Jackson*, (5 Cowen, 173,) in ejectment by a mortgagee, it was held, that the heir of the mortgagor could not be permitted to prove that the mortgage was given as an indemnity for becoming special bail for the mortgagor, and that no damage had ensued to such bail. And see *Patchin* v.

*Pierce,* (12 Wend. 61.)(*a*)　It may be suggested that the cases cited were at law, and before our statute permitting an inquiry into the consideration of sealed instruments.　But the rule in equity is the same as at law, except where there is fraud or mistake, surprise or accident.　*Stevens* v. *Cooper,* (1 J. C. R., 425.)　*Pym* v. *Blackburn,* (3 Ves. Jr., 34 and 38, note.)　Thus, in *Parker* v. *Vick,* (2 Dev. & Batt. Eq. R. 195,) it was held that evidence would not be received to show a parol agreement contradictory to and varying from a written agreement made at the same time, when no reason is shown why the former was not incorporated into the latter.

I will refer to a few other of the numerous cases in equity on this point.

In *Movan* v. *Hays,* (1 J. C. R. 339,) the attempt was made to prove that a mortgage for the payment of money, was executed as a counter security for a re-conveyance of land.　The parol evidence was excluded.　Chancellor Kent says, that " to " permit such a clear, intelligible and ordinary transaction, to be " changed by parol proof, into the special agreement set up by " the plaintiffs, would be, in effect, to repeal that part of the " statute of frauds to which I have referred."

*Meads* v. *Lansingh,* (Hopk. R. 124,) was a suit to foreclose a mortgage for $1,000.　The defence was, that the mortgage was given to secure the re-conveyance of a lot of land, which the mortgagee had lent to the mortgagor, and parol evidence with circumstances was relied upon to sustain the defence.　It was held to be inadmissible.

In *Denston* v. *Morris,* decided May 2, 1843, a parol agreement was set up whereby the mortgagees, under peculiar circumstances, undertook to retain a mortgage executed for the purchase money, until the expiration of five years, as a security against any defect of title.　Chancellor Walworth held that the agreement was inadmissible, and says : " Where there has " been no fraud, and the parties have consummated their agree- " ment by the execution of a conveyance of the land, and the " taking back of a bond and mortgage for the unpaid purchase

(*a*) *Nelson* v. *Sharp,* 4 Hill's (N. Y.) Rep. 584.　*Webb* v. *Rice,* 6 ibid. 219.

" money, it would be dangerous to permit parol proof to entirely " vary the agreement from that which is evidenced by the written " instruments relating to the transaction."

The provision of the Revised Statutes, permitting an inquiry into the consideration of sealed instruments, is not understood as changing or affecting the rule of law relative to the admission of parol evidence to contradict the terms of instruments in writing. *McCurtie* v. *Stevens*, (13 Wend. 527 ;) 2 Cowen & Hill's Notes to Phill. Ev. 1438.

The rule prohibiting such evidence is applicable to agreements not under seal. *McDoual* v. *Beckly*, (2 Rep. Const. Court, So. Car. 267, Mills' ed.)

The defendants therefore cannot rely upon any agreement resting in parol, by which the condition of this bond and mortgage is so materially altered from its written terms.

(The court then examined the testimony in the cause, and decided that there was no proof of the existence of any written instrument or defeasance qualifying the bond and mortgage, or that any such instrument had ever existed; and concluded as follows.)

In every view of the case, according to my judgment, the defence to the mortgage fails.

I have not laid any stress upon the estoppel insisted upon by the complainant, arising from Mrs. Sloat's having taking a conveyance expressly subject to this mortgage. I consider that clause in her deed as an admission of the existence of the mortgage; and as subjecting her to its force, exactly as it was in truth. If it were a mortgage with a condition or defeasance contained in another writing, or if it were partly paid, she was entitled to the benefit of the defeasance or the payment; and her admission by accepting the deed, is not inconsistent with her availing herself of such defence.

The complainant is entitled to the usual decree for a computation of the amount due, and a sale of the mortgaged premises.(*a*)

(*a*) This decree was affirmed by the Chancellor on appeal.