EPHRAIM O. ABBOTT AND CHARLES HEWITT v. WILLIAM HANSON.

1. If the lessor grants the reversion, he cannot bring an action for the rent due afterwards.

2. It was not competent in an action at law to prove that a deed, absolute on its face, was intended as a mortgage, to enable the grantor to sue for the rent.

This was a writ of error to the Mercer Circuit. The action below was debt for rent. The defence was, that Hanson, the plaintiff below, subsequently to the demise, and before

the rent sued for accrued, had conveyed the reversion of the premises. The court permitted the plaintiff to show, by parol, that the deed by which the reversion was granted, although absolute on its face, was intended as a mortgage, and charged the jury that if they believed such testimony, the plaintiff was entitled to a verdict. Upon this error was assigned.

The cause was argued before the CHIEF JUSTICE, and Justices ELMER and POTTS, by Mr. *Gummere* for plaintiff in error, and by Mr. *Vroom* for defendant in error.

Mr. *Gummere*, for plaintiff in error, cited 2 *Camp.* 11, *Ball* v. *Westwell.*

*Vroom*, for defendant, cited 14 *Wend.* 63, *Walton* v. *Cronly's admr.*; 18 *J. R.* 169, *Champlin* v. *Butler*; 8 *Wend.* 641, *Gilchrist* v. *Cunningham*; 2 *Hall* 1, *King* v. *Franklin*; 21 *Wend.* 36, *Swart* v. *Jackson*; 2 *Zab.* 680, *Bolles* v. *Beach,* p. 695.

ELMER, J.   This was an action of debt for rent reserved by a lease under sale, dated February 1, 1847, between Hanson, the lessor, and Abbott and Hewitt, the lessees, for five years, commencing April 1, 1847, the rent payable quarterly.   On the trial before the Circuit Court, the defendants in that court gave in evidence a certified copy of a deed from Hanson, the plaintiff, to Frederick A. Vandyck, Jr., for the demised premises, bearing date June 26, 1847, and recorded June 29th.   There was also evidence on the part of the defendants tending to show that one quarter's rent, not claimed in the suit, had been paid to Vandyck.   The plaintiff offered parol evidence to show that the deed to Vandyck, although absolute on its face, was in fact given by way of mortgage, as a collateral security for advances made by him to the plaintiff, the admission of which was objected to on the part of defendants.   This evidence having been received by the judge, he charged the jury that if they believed the evidence, the plaintiff was entitled to a verdict for the two quarters

rent claimed, from July 1, 1848, to January 1, 1849. This charge having been excepted to, the question now is, whether it was correct. Several other matters are contained in the bill of exceptions which it is not necessary to consider.

It is an elementary principle of law, that rent follows the reversion. The rent may be granted away, reserving the reversion, and the reversion may be granted, reserving the rent; but by a general grant of the reversion, the rent passes as incident to it. *Co. Lit.* 143, 151; *Demarest* v. *Willard*, 8 *Cow.* 206. Lord Coke, in *Walker's case,* 3 *Rep.* 22 *b*, lays down the rule to be, "If the lessor grants over his reversion, now the contract runneth with the estate, and therefore the grantor shall not have an action of debt for rent due after his assignment, but the grantee shall have it, for the privity of the contract follows the estate of the land, and is not annexed to the person but in respect to the estate." This law is recognized in the cases of *Stone* v. *Knight,* 23 *Pick.* 95, and *Burden* v. *Thayer,* 3 *Metc.* 76. In the case of *Peck* v. *Northrop,* 17 *Conn. R.* 27, it was held that a grant of the reversion passes the rent subsequently accruing to the grantee, and that an action cannot afterwards be maintained for it by the lessor, although the grantee had not demanded it.

The only question then about which there can be any doubt, is whether the proof offered and received that the deed to Vandyck was in fact intended as a mortgage, prevented it from operating as a legal conveyance of the rent to him, and entitled Hanson to maintain an action for it in his own name. A mortgage which is such upon its face, if made subsequent to a lease, passes the rent to the mortgagee, so that he may distrain and sue for it, after notice to the tenant not to pay rent to the mortgagor; but if it be made prior to the lease, there is no privity between the mortgagee and the lessee, and the mortgagee cannot sue for the rent without an attornment or some acts recognizing him as landlord. In consequence of the peculiar relation between the mortgagor and mortgagee, the mortgagor in possession is recognized by

courts of law, as well as equity courts, as the real owner of the mortgaged property, and entitled to receive and sue for the rent, unless the mortgagee interferes and claims it. 4 *Kent Com.* 165, *4th ed.; Moss* v. *Gallimore, Doug.* 279; *Souders* v. *Vansyckle and Garrison,* 3 *Hals.* 313; *Waddilove* v. *Barnett,* 2 *Bing. N. C.* 538; *Salmon* v. *Matthews,* 8 *Mees. and W.* 827; *Pope* v. *Biggs,* 9 *Barn. and Cress.* 245; *Evan* v. *Elliot,* 9 *B. and Al.* 353; *Johnson* v. *Jones, Ib.* 809.

A deed absolute on its face, will no doubt be regarded in many cases in a court of equity, as a mortgage, if the parties so intended. In a court of law no such doctrine has been recognized, except in some New York cases, which in the case of *Swart* v. *Service,* 21 *Wend.* 36, were admitted to be without precedent elsewhere, and from which Bronson, Justice, dissented. The case of *Walton* v. *Cronly's administrator,* 14 *Wend.* 63, was mainly relied on by the counsel of the defendant in error. I cannot assent to the ruling of that case; but if it was admitted to be correct, it was a very different case from that before us. The lessee, in that case, had assigned his term to Cronly, and his administrator, who was sued for the rent, was permitted to prove that the assignment, although absolute on its face, was in fact designed as a mortgage to secure a debt. In the prior case of *Astor* v. *Hoyt,* 5 *Wend.* 603, the same court, following the case of *Eaton* v. *Jaques, Doug.* 454, had decided that a mortgagee out of possession, was not in fact an assignee of the whole interest of the lessee, and therefore not responsible for the rent. *Eaton* v. *Jaques,* was, after full deliberation, overruled, in the subsequent case of *Williams* v. *Bosanquet,* 1 *Brod. and Bin.* 72, and the doctrine established upon what seem to be correct principles, that the whole interest of the lessee passes to his mortgagee, although he never takes possession, so that he is responsible for the rent as the assignee of the term. In the case before us, the plaintiff below was permitted to show, by parol, that the landlord who had thought proper to convey to another his reversionary estate, including the rent to accrue, by an absolute deed, which, by the statute (*Rev. Stat.*

643, § 15,) copied from 4 and 5 *Ann, c.* 16, § 19, was good and effectual without attornment of the tenant, intended it only as a mortgage, and thus in a court of law to alter its legal effect. To permit this, was to permit him to contradict his own solemn deed, and thus subvert a well settled and most important principle of law.

It is to be remarked, besides, that not only was this deed placed on record, but the defendants below had actual notice of it, and their undertenant had paid a quarter's rent to Vandyck, although it did not clearly appear whether he had knowingly received it as such. The legal effect of the deed was to vest in him the rent and right of action for non-payment of it. Had the lessees actually paid the rent to Hanson before the notice of the conveyance, the statute before cited would have protected them. Whether the notice, by placing the deed on record, or the actual notice they had, would or would not have deprived them of this protection if they had paid the rent in controversy to him without suit, which it is not necessary to decide, it would be manifestly unjust to expose them to any risk of a double payment, by permitting Hanson now to set up a secret trust, with which they had no concern. We are therefore of opinion, that the charge excepted to was erroneous, and that the judgment must be reversed.

The CHIEF JUSTICE and Justice POTTS, concurred.