### SAYLES *v.* NATIONAL WATER PURIFYING CO.

*(Supreme Court, General Term, Third Department.* November 30, 1891.)

1. INSOLVENCY—TITLE OF RECEIVER—RIGHTS OF THIRD PERSONS.
    Defendant, by contract, placed a filter in the factory of a company, retaining title to the filter until the price of the same should be fully paid. The company became insolvent, and the filter, together with other effects, passed into the hands of a receiver, who thereafter sold the whole property, filter included, to plaintiff's assignor; but prior thereto the receiver had been directed by order of the court to turn over the filter to defendant. *Held*, that the receiver acquired, and could transfer to plaintiff's assignor, no greater rights in the filter than those of the insolvent company, and that plaintiff was not entitled to recover the same.

2. SAME—FIXTURES—RIGHTS OF SELLER.
    In such case defendant did not, by permitting the annexation of the filter to the mill, so far divest itself of title thereto as would admit of its passing as a fixture appurtenant to the mill, under the conveyance by the receiver to plaintiff's assignor.

3. FIXTURES—DETACHABLE WATER-FILTER—CONDITIONAL SALE.
    A filter 7 feet high and 8 inches in diameter, capable of delivering 105 gallons of water per minute, sitting loosely on a factory floor, and unconnected therewith in any way except by detachable piping, retains its character as personal property, and may properly be made the subject of an agreement between the seller and the owner of the factory that title thereto shall remain in the seller until the purchase-price be fully paid.

Appeal from special term, Montgomery county.

Action by Moses T. Sayles, assignee of Kennedy B. Dowsley, against the National Water Purifying Company, for wrongful entry on the assignor's premises, and taking thence a water-filter claimed by plaintiff's assignor as part of realty purchased by him at a receiver's sale. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*E. F. Bullard,* for appellant.    *M. L. Stover,* for respondent.

MAYHAM, J. The principal and perhaps the only question arising on this appeal is as to whether or not plaintiff's assignor took title to this filter under the receiver's sale or the foreclosure sales in which he was purchaser. On and prior to the 1st day of December, 1887, the Globe Knitting Company had the legal title, and was in possession, of the mill premises and real estate, which were afterwards sold by the receiver of that company to Kennedy B. Dowsley, plaintiff's assignor. On that day the Globe Knitting Company made an order on the National Water Purifying Company, of which the following is a copy:                    "AMSTERDAM, N. Y., Dec. 1st, 1887.

"*National Water Purifying Co.*, 141 *Broadway, New York:* Please furnish one National filter, No. 5, eight inches in diameter, seven feet high,

capable of sustaining an internal pressure of sixty pounds per square inch, and guarantied to deliver one hundred and five gallons of bright, clear water per minute. The National Water Purifying Co. to deliver and erect the same on the first floor of the Globe Knitting Mill, Amsterdam, N. Y., without any expense whatever to the Globe Knitting Co. The National Water Purifying Co. to supply such valves and immediate piping connections as are shown on the back of this contract, to prepare suitable place for reception of the filter, and to make necessary piping connections with the same. For the above, we agree to pay the National Water Purifying Co. the sum of $1,300, less $300 as a testimonial, when the water operates as above. Terms of payment: The title to vest in the Globe Knitting Co. only on full compliance with the above terms and conditions, and on non-compliance therewith the filter to be returned.

[Signed]                    "GLOBE KNITTING CO.
                          "THOMAS B. LAWSON, Sec'try.
"Accepted.    NATIONAL WATER PURIFYING CO.
              "Per H. M. DENTAL, Pres."

The filter was placed in the mill of the Globe Knitting Company pursuant to this contract, and was not paid for by the company. Before July, 1888, and prior to the commencement of this action, the Globe Knitting Company became insolvent, and John H. Giles was duly appointed receiver of that corporation, and took possession of its knitting mill, and of all of its property and effects, for the purpose of winding up its affairs; and while so in possession, and on the 4th day of September, 1888, an order of this court was made on behalf of the National Water Purifying Company, (this defendant,) directing the receiver to turn over this filter to that company on the payment to the receiver of an amount claimed to have been expended by the knitting company. On the 27th of April, 1889, the receiver sold the real estate of the Globe Knitting Company to plaintiff's assignor, and conveyed the same to him by deed, reciting one dollar as the consideration in such deed. At the time of the execution of this deed the defendant had not removed the filter from the mill. Upon this state of facts, the learned trial court held that the purchaser under the receiver's sale got no title to the filter. By the receivership the receiver got no greater or better right than the Globe Knitting Company had, and could only, as receiver, convey the interest which vested in him as receiver; and if, as between the defendant and the knitting company, defendant retained the title to the filter, the same right would remain in the defendant as against the receiver and his grantee. As a general rule the receiver gets only such title as the defendant or judgment debtor has in the estate of which he takes possession. Beach, Rec. p. 156, § 204. In *Bell* v. *Shibley*, 33 Barb. 614, BOCKES, J., in discussing the rights and powers of receivers, says: "The receiver is in no better condition, as he stands in the place of the company," and has no better rights. "It has been repeatedly held that a receiver is subject to all the rights and equities existing against the company." In *Hyde* v. *Lynde*, 4 N. Y. 392, BRONSON, J., says: "The recovery in this case seems to have gone upon the ground that the receiver had greater rights than those which belong to the company. But for the most if not for all purposes he took the place, and stood as the representative, of the company. He is as much bound by a settlement which the company was authorized to make as was the company itself. It would be strange indeed if the legal acts of the corporation did not bind the receiver of its effects." Adopting, as I think we must, this as the settled law, we must hold that if the defendant, by the reservation in the bill of sale, reserved the title to this filter, or, in other words, if the delivery of the filter under that agreement conferred no title on the knitting company, then the receiver got no title by virtue of the receivership, and could confer none upon the purchaser from him. The important question, therefore, is, did defendant, by virtue of the contract

with the Globe Knitting Company, and the annexation of the filter to the mill as the same was annexed, so far divest itself of the title to the filter as that it would pass on the conveyance to the receiver as a fixture of the mill or an appurtenant to the mill property, under the circumstances of the case, after the court had by order directed the receiver to deliver and turn over the filter to the defendant, and permit it to remove the same?   We think not, as between the defendant and the Globe Knitting Company it was expressly agreed that no title to the filter should pass until it was paid for.   The knitting company, until that condition was complied with, was a mere bailee of the filter, as between it and the defendant, and any annexation to the mill by the Globe Knitting Company could not change that character or relation between it and the defendant.   But it does not appear to have been so annexed to the mill as necessarily to give it the character of real estate, especially between the bailor and bailee.   The judge finds as a fact that in removing the filter the defendant did no damage to the real estate, and the only evidence of annexation was its connection by pipes with other machinery; the filter itself sitting loosely upon the floor, without any fastening to the same.   It is clear that the filter was not a part of the building itself, or necessary to the construction, existence, or support of the building, and that therefore it was in its nature a chattel, unless by its annexation it had become a part of the realty.   It was therefore of such a character as to be the subject of an express agreement between the parties, so that it might retain its character as personal property, although temporarily affixed to the freehold, in such a manner that it would pass with the real estate but for the agreement.

In *Ford* v. *Cobb*, 20 N. Y. 348, it was held that bricks to be placed in a wall for the construction of a building could not retain their character as personal property by virtue of any agreement that they should remain such after they were placed in a building.   But it was also in the same case held that salt kettles bought on credit, and mortgaged to the seller as personal property, continued to be such after they were set securely in an arch for the manufacture of salt in such a manner as to become real estate but for the mortgage.   And the rule is well settled that erections by the tenant for the purpose of his trade, and so affixed to the freehold as to pass on sale if erected and annexed in like manner by the owner, remain, as between the landlord and tenant, but trade fixtures, and removable as chattels.   *Holmes* v. *Tremper*, 20 Johns. 29; *Miller* v. *Plumb*, 6 Cow. 665.   In *Ford* v. *Cobb*, *supra*, after referring to this class of cases, DENIO, J., says: "If a subject which would otherwise be real estate can be made personal by the creation of a special relation between the parties, it is clear that the same parties may effect the same thing by express agreement."   In *Tyson* v. *Post*, 103 N. Y. 221, 15 N. E. Rep. 316, ANDREWS, J., says: "But by agreement, for the purpose of protecting the rights of vendors of personalty or of creditors, chattels may retain their character as chattels notwithstanding their annexation to the land in such a way as in the absence of an agreement would constitute them fixtures."   Within these authorities, and the principles upon which they stand, as illustrated in numerous other cases which might be cited, it is clear that this filter, as between the Globe Knitting Company and these defendants, was not a part of the real estate, and did not pass to the receiver as such; and, as we have seen, they retain the same character in his hands as in the hands of the company to whose rights and interests he succeeded, and cannot therefore be treated as real estate in his hands, under his receivership.   But it is insisted that, if this filter is to be treated and regarded as personal property, then the condition in the contract of sale, that the title should remain in the defendant is inoperative under the provisions of chapter 315 of the Laws of 1884, for the reason that it was not filed.   That act provides that "in every contract for the conditional sale of goods and chattels hereafter made, which shall be * * * followed by an actual and continued change of possession of the things contracted to be sold,

all conditions and reservations which provide that the ownership of such goods and chattels is to remain in the person so contracting to sell the same, or other person than the one so contracting to buy them, until said goods or chattels are paid for, or until the occurring of any future event or contingency, shall be absolutely void as against subsequent purchasers and mortgagees in good faith, and as to them the sale shall be deemed absolute, unless such contract for the sale, with such conditions and reservations therein, or a true copy thereof, shall be filed as directed in  *  *  *  this act."

The contract in this case comes clearly within the provision of the act; and, if the plaintiff's assignors were within the protection of beneficial provisions of this statute, it would be decisive of this action. But the trial court has found, we think, upon sufficient evidence. that the plaintiff's assignor, at the time he became the purchaser of this property, knew that the filter was not the property of the Globe Knitting Mills, and was not, therefore, a purchaser in good faith, or for a valuable consideration, of the filter. As the question of good faith was one of fact, it was for the trial court; and, unless this court can clearly see that the finding was against the clear weight of evidence, it should not interfere. On the whole case, we see no sufficient reason for reversing this judgment. Judgment affirmed, with costs. All concur.