(24 Misc. Rep. 472.)

### HIRSCH v. GRAVES ELEVATOR CO.

(Supreme Court, Special Term, New York County.   August, 1898.)

1. FIXTURES—BETWEEN MORTGAGEE AND SELLER.

A contract for the construction of elevators in a building provided that they and all attachments connected therewith should be and remain personal property, and the title should remain in the seller until the same should be fully paid for.   *Held* that, as between the seller and a subsequent mortgagee of the building, such elevators remained personalty, and did not pass as fixtures.

2. CONDITIONAL SALE—FUTURE DELIVERY—FILING CONTRACT OF SALE.

Laws 1897, c. 418, art. 9, §§ 112, 113, provide that every contract of conditional sale of goods which shall be accompanied by an immediate delivery and followed by a continued change of possession, whereby the ownership of such goods is to remain in the seller until paid for, shall be void as against subsequent purchasers and mortgagees in good faith, unless such contract shall be filed in the county clerk's office.   *Held* not to apply to a contract of sale of elevators to be constructed in the future, since such contract of sale could not be "accompanied by immediate delivery," the elevators not being in existence at the time the contract was made.

3. INJUNCTION—TRIAL.

In an action by a mortgagee to restrain defendant from removing elevators from the mortgaged premises, there was a conflict presented by the affidavits as to how the elevators were constructed, and as to the good faith of the mortgagee.   *Held*, that such issues should not be determined from the affidavits, but should be disposed of upon the trial.

Action by Jacob Hirsch against the Graves Elevator Company to restrain defendant from moving certain elevators.   Temporary injunction continued conditionally.

Kurzman & Frankenheimer, for plaintiff.

Greene & Johnson, for defendant.

COHEN, J.   In October, 1895, the defendant, a domestic corporation, with its offices at Rochester, agreed, in writing, with Isidor Hoffstadt, to erect and finish on or before January 1, 1896, two elevators, passenger and freight, in his seven-story business building, 244 and 246 West Twenty-Third street, for $3,500, payable one-half in cash upon completion, and the balance by note payable in three months thereafter.   The contract also provided "that the said elevators and attachments, appurtenances, and machinery connected therewith   *   *   *   shall be and remain personal property, and that the title thereto shall remain in the Graves Elevator Company until the same shall be fully paid for."   The payments were not made as agreed, and there is yet unpaid the sum of $1,200.   Prior to May 12, 1898, there was a first mortgage of $100,000 and a second mortgage

upon the premises. On that day the owner executed a third mortgage for $6,861.24 to the plaintiff, which mortgage expressly covered the buildings and improvements on the premises, including the elevators in question, which had been erected and operated as agreed upon. On May 18th, Hoffstadt made a general assignment. The mortgage of the plaintiff becoming due, he began an action to foreclose it, and the premises were advertised for sale during the coming month. Upon the threats of the defendant to remove the elevators, the plaintiff began this action for a permanent injunction, and seeks now to continue a preliminary injunction, issued by Mr. Justice Dugro, until the final determination of the action, alleging destruction of part of the building and irreparable damage, in that the leases of the tenants in the building provide for the use of the elevators as a means of egress and ingress, and that any interference with the elevators will cause the cancellation of these leases, loss of rents, etc.

The plaintiff's counsel contends that owing to the character of the building in suit, and the use to which these elevators are put, and the manner in which they are affixed, no agreement between the manufacturers and the vendee can make them aught but fixtures and a part of the realty. But the intent here so unequivocally expressed is so large a factor in determining whether articles are fixtures or personalty that the authorities do not seem to support his position. Tifft v. Horton, 53 N. Y. 377; Duffus v. Furnace Co., 8 App. Div. 567, 40 N. Y. Supp. 925; Stove Works v. Klingman, 20 App. Div. 449, 46 N. Y. Supp. 721. That an agreement, however, may not be controlling, see Voorhees v. McGinnis, 48 N. Y. 278, at page 287.

It is also contended by the plaintiff that, since the contract between Hoffstadt and the elevator company was a conditional sale, the failure by the vendor to file the contract in the county clerk's office, as required by statute (Laws 1897, c. 418, art. 9, §§ 112, 113), renders it absolutely void as against this plaintiff, a subsequent mortgagee in good faith. Sayles v. Purifying Co. (Sup.) 16 N. Y. Supp. 555, at page 558. In an action in which this same elevator company was a party, and the same language as here employed was under consideration, the statute was held not to apply, as the elevator was not in existence when the contract was made; and therefore the contract for the conditional sale of the elevator could not be, in the language of the statute, "accompanied by immediate delivery." Elevator Co. v. Callanan, 11 App. Div. 301, 42 N. Y. Supp. 930. See, also, Hassam v. Griffin, 18 Johns. 48; Parsons v. Loucks, 48 N. Y. 17; Manufacturing Co. v. Holbrook, 118 N. Y. 586, 23 N. E. 908. The court is not unmindful that the Callanan opinion rests on facts, of more or less importance, differing from those here existing, and that many and real distinctions may be drawn between that case and this one under consideration. There is, however, considerable conflict presented by the affidavits as to how these elevators are constructed, and the effect upon the building consequent upon their removal. There is also a serious dispute as to the good faith of the plaintiff as mortgagee. It is not satisfactory to determine these issues on affidavits. They should be disposed of upon the trial. Manning v. Ogden, 70 Hun, 399, 24 N. Y. Supp. 70. To vacate this injunction would certainly

give the defendant the opportunity to remove the elevators. There-upon many leases might be canceled, other and expensive litigation might arise, and grave and far-reaching injury might result. To continue it simply delays the defendant in recovering the balance due upon its contract. If, therefore, the plaintiff will furnish an under-taking in the sum of $1,500, conditioned upon the payment of the $1,200 due and interest and costs if the plaintiff does not succeed in this action, the injunction will be continued; otherwise, the restraint upon the elevator company will be removed. Ordered accordingly.