ORVILLE H. GREENE, Plaintiff, *v.* ABRAHAM ELKINS, THE HOUSER ELEVATOR COMPANY and Others, Defendants.

Supreme Court, Onondaga County, May 14, 1929.

*Brewster, Herzog & Garvin,* for the plaintiff.

*Hitchcock, Stevens, Alvord & Foertch,* for the defendant the Houser Elevator Company.

WILLIAM M. ROSS, Official Referee. This is a contest between different mortgagees as to priority arising from agreements to postpone. These contentions present only questions of fact, and the decision relating to this is omitted.

The claim of the Houser Elevator Company presents the following facts:

The defendant, the Houser Elevator Company, hereinafter called the company, entered into a contract with the defendant Abraham Elkins (the owner of the mortgaged premises) for the installation of an elevator at the agreed price of $4,300 on which there is due $1,800 and interest.

The contract contained the clause that the elevator and appurtenances shall remain the personal property of and the title thereto remain in the Houser Elevator Company until the contract price has been paid. The contract also provides that forty per cent of the purchase price is payable " at time the second mortgage is placed " (referring to the mortgage in suit).

The contract bears date December 22, 1927. Work commenced on the installation April 16, 1928. The president of the company, Mr. Wilson, testifies that the work was substantially finished on August fourteenth and he also puts the date of completion as August 31, 1928.

The contract was filed in the county clerk's office August 18, 1928.

It is claimed by the plaintiff that the defendant company has failed to comply with the requirements of the statute as to filing and that as against the plaintiff the elevator in question has become annexed to and is a part of the real property herein sought to be foreclosed.

The provisions of the Personal Property Law, as amended by chapter 642 of the Laws of 1922, under the title Uniform Conditional Sales Act, in many respects effect a radical change in the law previously existing. The presumption arising from the possession and control of personal property and the presumptions from the annexation of personal property to real property were, to some extent, swept away, and the only protection left the innocent purchaser, which also includes the innocent incumbrancer, is a compliance by the vendor of personal property with the provisions of the act as to filing the notice required, which provides in section 67 that the same " shall be filed before they are affixed."

In my judgment there is no statutory provision that should have a stricter construction and observance.

It must be held that the elevator company did not comply with the provisions of the Personal Property Law as to filing, and, unless there are other conditions which render filing unnecessary, the company cannot maintain its position in this regard.

The company, however, claims that because the agreement has been filed before a sale under the plaintiff's foreclosure action, as to such purchaser it has complied with the statute.

The purchaser upon a foreclosure sale needs no notice. He can examine the record of the title and, if nothing appears, he can assume that nothing exists. He can examine the premises he seeks to purchase and has the right to rely upon the result of his observation. But not so the purchaser or incumbrancer during the life of the existing contract in relation to personal property.

The instant case presents to a striking extent the danger to the existing incumbrancer. Mr. Greene advanced money and materials to build the block in suit, and he sees the elevator installed and he had the right to suppose that the money he advanced was used to pay for it; but so far from that being the case, what he supposed had become a part of the block upon which he relied for security, was, if the company's claim is sustained, the company's personal property and can be severed even though seventy per cent of the purchase price has been paid. The intermediate purchaser or incumbrancer, without notice, can be turned substantially out of house and home, or, at least, his security seriously impaired without any fault on his part.

If an innocent purchaser or incumbrancer has not notice of the claim of a vendor of personal property, actual or statutory, he not only loses his position of priority but he is not in position to receive credit for the payment actually made.

I think that the statements in *Kohler Co.* v. *Brasun* (249 N. Y. 224) assume that actual knowledge of the existence of a conditional sale contract by an incumbrancer or purchaser would be sufficient to bind him even if no statutory notice had been given.

I have looked over carefully the evidence of Mr. Greene for such evidence and I fail to find it. Certainly it does not appear in the record of his testimony. It may be that he knew of the existence of the company's contract, but there is no evidence of such knowledge. He may have given checks payable to the company. But that would be far from knowledge of the conditions of the actual contract of the company.

The case of *Hirsch* v. *Graves Elevator Co.* (24 Misc. 472), cited by the company's attorneys, was a case in which the judge at Special Term refused to determine the questions presented upon affidavits. . The claim of the company is dismissed, with costs.