Frank A. Gulotta, J.
Both plaintiff and defendant move for summary judgment in this rather unusual case wherein the plaintiff who is the holder of a mortgage on property of defendant Iris Construction Corporation on which the balance due is $65,000, demands instead a conveyance of the property which was mortgaged as security for the debt.
The property in question is no longer owned by the said defendant, it having been taken in condemnation by the State of New York and several municipal corporations. The awards are expected to run $150,000 or more and plaintiff understandably would like to have that sum instead of his mortgage. The question is: Is a court of equity going to assist him to get it!
Briefly, his position is that since the mortgage contained a special clause which provided that upon a default, the mortgagor would give him a deed, and that since this agreement was supported by a separate and independent consideration viz. the mortgagee’s agreement to accept a smaller down payment than that called for by the contract, it is a valid and enforcible agreement. This I think misses the point. The question is not *622 whether the consideration was valid (nobody disputes .that it-, was) but rather whether an,agreement made by the mortgagor at the time the mortgage was made, to waive his right to have the equity of redemption cut off by a judgment' of foreclosure followed by a sale, is valid. " ‘ .
It has long been settled law that even the actual giving of a deed by a borrower .at the. time, of. the lean* does not preclude him from showing the true nature of .¡the transaction, so that the lender must thereafter foreclose in order to validate his title to the premises. (Berdell v. Berdell, 33 Hun 535 ; Swart v. Service, 21 Wend. 36 ; Horn v. Keteltas, 46 N. Y. 605.) Given a mortgage in intent, whatever form the'instrument's took, the courts have been very zealous to protect the debtor’s equity of redemption from incursions of all descriptions, no matter how devious.
In Mooney v. Byrne (163 N. Y. 86), which was a case involving a deed given to a mortgagee after the mortgage' was in foreclosure, but which was nevertheless given as further security for the debt as evidenced by. an agreement for a defeasance made at the same time, the court had this- to. say at page 92:
‘ ‘ An instrument executed simply as security cannot be turned into a conditional sale by the form of a covenant to -reconvey, and even if there was a doubt as to the meaning the contract would be regarded as a mortgage, so as to avoid a forfeiture, which the law abhors. (Matthews v. Sheehan, 69 N. Y. 585.) As was said by the Supreme Court of the United States: ‘ It is an established doctrine that a court of equity will treat a deed, absolute in form, as a mortgage, .when it is executed as security for a loan of money. That court, looks beyond the terms of the instrument to the real transaction, and when it is shown to be one of security, and not of sale, it will give effect to. the actual contract of the parties. * * .* It is also an established doctrine that an equity of redemption is .inseparably connected with a mortgage; that is to say, so long as the instrument is one of security, the borrower has, in a court of equity, a right to redeem the property upon payment of the loan. This right cannot be waived or abandoned, by any stipulation of the parties made at the time, even if embodied in the mortgage. This is a doctrine from which a court of. equity never deviates. ’ (Peugh v. Davis, 96 U. S. 332, 336.)
‘ ‘ The right to redeem is an essential part of a mortgage, read in by the law if not inserted by the parties. Although many attempts have been made, no form .of covenant has yet .been devised that .will cut off the right .of. a mortgagor to .redeem, even after the law day has long passed by. , (Clark v. Henry, 2 Cow. *623 324, 331; Jones on Mortgages, sec. 1039.) Even an express stipulation not to redeem does not prevent redemption, because the right is created by law. ' For the same reason an express power to sell at private sale after default is of no effect. ‘ If,’ said Chancellor Kent, ‘ a freehold estate be held by way of mortgage for a debt, then it may be laid down as an invariable rule that the creditor must first obtain a decree for a sale under a bill of foreclosure. There never was an instance in which the creditor, holding land in pledge, was allowed to sell at his own will and pleasure. It would open the door to the most shameful imposition and abuse. ’ (Hart v. Ten Eyck, 2 Johns. Ch. 62, 100.) The utmost effect claimed for the provision that the defeasance was not to be recorded is that it was a consent to a private sale after default. As was well said by a recent writer: ‘ If the instrument is in its essence a mortgage, the parties cannot by any stipulation, however express and positive, render it anything but a mortgage, or deprive it of the essential attributes belonging to a mortgage in equity. The debtor or mortgagor cannot, in the inception of the instrument, as'a part of or collateral to its execution, in any 'manner deprive himself of his equitable right to come in after a default in paying the money at the stipulated time, and to pay the debt and interest, and thereby to redeem the land from the lien and incumbrance of the mortgage; the equitable right of redemption, after a default, is preserved, remains in full force, and will be protected and enforced by a court of equity, no matter what stipulations the parties may have made in the original transaction purporting to cut off this right.’ (3 Pomeroy’s Eq. Jur. sec. 1193.) So Mr. Thomas says that‘ it was a bold but necessary decision of equity that a debtor could not, even by the most solemn engagements entered into at the time of the loan, preclude himself from his right to redeem.’ (Thomas on Mortgages, sec. 9.) ”
This is strong language- making it -perfectly clear that the court will not countenance a forfeiture and elimination of a mortgagor’s right of redemption under any circumstances.
• The situation .we deal with here is very similar, except here the lender does not have his deed but only an agreement to give one. I fail to see how that factor-strengthens his case.
Although plaintiff asks for specific performance of an agreement to give a deed, what he actually wants is an assignment of the condemnation award outfight. There was of course no agreement to do this in the clause in quéstion, but on the contrary there, is-a separate provision dealing with condemnation awards in a standard clause in another part of the mortgage, which assigns the awards to the mortgagee and authorizes appli *624 cation of same “ toward the payment of the mortgage debt.” There is no reason why this clause should not be given full effect. This is not the type of case where equity should extend itself to give the plaintiff even more than his contract called for. In Donohue v. First Trust Co. (1 A D 2d 573), a mortgagor who had given a deed to a bank to secure a loan was held to be entitled to an accounting on a condemnation award made many years later, which greatly exceeded the debt, leaving open however, the question of the applicability of the Statute of Limitations.
As to the facts, the plaintiff makes a great show of his alleged candor in dealing with the defendant, by having written it a letter on May 10,1960, calling attention to the fact that the mortgage would be due on May 27, 1960. The fact is, however, that it was at the direction of plaintiff’s attorney that the interest was proffered for the second time on June 9, 1960. He was to let defendant know whether his client would be content to await payment from the condemnation award, or would insist on immediate payment. He did so in a letter dated June 28, 1960, one day after expiration of the 30-day grace period. It goes without saying that until the boom was lowered, none of the letters or demands called attention to plaintiff’s plans for taking-over the award in full.
It has been conceded in a stipulation ihat defendant tendered payment of the entire mortgage debt prior to suit and said tender has been kept good by payment into court.
In accordance with section 174-b of the Civil Practice Act. plaintiff is entitled to recover the amount on deposit but without interest or costs, and since he recovers no more than ho was offered, costs are awarded to the defendant. Judgment is granted accordingly. .