UTICA,
August, 1823.

ERWIN
v.
SAUNDERS.

Judgment affirmed.(*a*)
</div>

(*a*) Vid. *Smith* v. *Thompson*, ante, 221, and note (*a*)

---

### ERWIN *against* SAUNDERS and ELY.

CERTIORARI to a Justice's Court. In assumpsit, by *Erwin* against *Saunders & Ely,* upon a note for $15, payable at 9 months in windsor chairs, given by the defendants to the plaintiff, the defendants set up as a defence, that the note was executed by the defendants for a debt due from *Saunders* to *Erwin,* for costs which the latter had paid for the former. That *Erwin,* having sued *Saunders* for that debt, the dispute between them was, whether it was not gone by a discharge thereof, which S. had obtained under the *act for giving relief in cases of insolvency.* They put this upon the question, whether the debt had been inserted in the inventory of S. which he gave on petitioning for his discharge ; and agreed that S. & E., the defendants, should give the note in question for that debt. A witness, who was present at the giving of the note, testified, that " he

A note, payable in specific articles, and absolute on the face of it, cannot be defeated by oral evidence, shewing that it was given to be void upon the happening of a contingency: e.g On its appearing that the debt for which it was given, had been inventoried by one of the makers, on his applying for his discharge under the insolvent act. Though, *it seems,* that an agreement between the parties, made subsequent to its execution, that it should be void on such a contingency, would be valid, as a waiver of the performance, on the happening of the contingency.

Written agreements, of any kind, cannot be contradicted, varied or materially affected, by oral testimony ;

Yet simple contracts, in writing, may be avoided by parol evidence of fraud, or the want or failure of consideration, or by the waiver of performance ; and they may be varied by a parol enlargement of the time of performance.

A debt discharged under the insolvent act, is a good consideration for a new promise;

understood by the parties, that *the note was to be executed, subject to a condition,* that if it should appear by the said inventory, that the said *Saunders had inventoried the said demand for* costs, that then the said demand should be void." Evidence of the discharge and insolvent proceedings were objected to by the plaintiff, but without specifying any particular ground of objection ; and the Justice suffered the defendants to go into proof of all the above matters of defence, and a verdict and judgment were rendered for the defendants. The principal question here was, whether the note, being absolute upon the face of it, could be defeated by shewing the condition, &c.

*H. Welles,* for the plaintiff in error.

*A. Konkle,* contra.

*Curia,* per SUTHERLAND, J. There is no doubt of the general principle, *that written agreements, whether specialties or simple contracts, and whether within or without the statute of frauds, are not to be contradicted, varied or materially affected by oral testimony.* This rule, however, does not exclude parol evidence of *fraud,* or the *want* or *failure of consideration* in, nor the *enlargement of the time for performance,* or *a waiver of the performance* of a *written simple contract.* But this case does not fall within any of the established exceptions to the general rule. The evidence here shews an entirely different contract from that which appears in the written instrument. The cases of *Hunt* v. *Adams,* (7 *Mass. Rep.* 518 ;) *Stackpole* v. *Arnold,* (11 *Mass. Rep.* 27 ;) *Fitzhugh* v. *Runyon,* (8 *John. Rep.* 292, 2d ed.) *Thompson* v. *Ketchum,* (*id.* 146 ;) and *Wells* v. *Baldwin,* (18 *John.* 45,) are conclusive to show that the parol evidence was inadmissible. *Hoare & others* v. *Graham & others,* (3 *Campb.* 57) is very analogous to this case. That was an action by the indorsee against the indorser of a promissory note. The defence set up was, that the defendant refused to indorse it, unless the plaintiffs would agree that it should be renewed on becoming due. They did so agree. But, instead of calling for a renewal, they demanded payment at the matu-

rity of the note. This evidence was held inadmissible. *Ld.*
*Ellenborough* says, " the parol condition is quite inconsistent
with the written instrument. The condition for a renewal
entirely contradicts the instrument which the defendant has
signed. There may, after a bill is drawn, be a binding prom-
ise for a valuable consideration, to renew it when due. But
if the promise is cotemporaneous with the drawing of
the bill, the law will not enforce it. This would be incor-
porating with a written contract, an incongruous parol con-
dition, which is contrary to first principles." So, if the a-
greement set up, in this case, had been made after the giv-
ing of the note, it would, perhaps, have been valid, and might
have been proved. Such a subsequent agreement would
have admitted the absolute nature of the contract, as it ap-
peared on the face of the note, and might be regarded as a
valid parol waiver of performance, not contradicting or va-
rying the original agreement.

The parol evidence being excluded, the judgment cannot
be supported. For, allowing the debt for which the note
was given, to have been discharged, it was still a sufficient
consideration for a subsequent promise to pay it. (*Scouton v.
Eislord, 7 John. Rep.* 36.) The note was therefore valid,
and the verdict and judgment should have been for the plain-
tiff.

Judgment reversed.