BROWN *vs.* HULL.

The maker of a promissory note in an action upon it by the payee, is not entitled to shew that at a settlement of accounts between the parties, upon which settlement the note was given, the plaintiff agreed to give it up, unless he could find a receipt from the defendant for the payment for some property which the defendant had let him have, the parties differing whether the same had been paid for.

ASSUMPSIT on a promissory note given by the defendant to the plaintiff for $82.59, dated April 10, 1841, and payable six months after date. On the hearing before a sole referee, it appeared that there had been mutual accounts between the parties, and that the note was given for the balance found due to the plaintiff on a settlement of those accounts. The defendant proved, that at the time of the settlement and the giving of the note, he, the defendant, said he thought there must be some mistake, and mentioned a small book on which twenty thousand brick were entered. The plaintiff said that if he could not find a separate receipt for the amount of that account, he would give up the note—if he did not send the receipt he would give up the note. This evidence was objected to by the plaintiff but admitted by the referee. The plaintiff claimed that the whole amount for which the note was given was due to him. He claimed that he had paid for the brick, for which he was to produce a receipt. The referee reported that nothing was due from the defendant to the plaintiff.

*P. Reynolds,* for the plaintiff, moved to set aside the report

*M. T. Reynolds,* for the defendant.

Brown *v.* Hull.

*By the Court,* BRONSON, Ch. J. The referee, in reporting that nothing was due, evidently went upon the ground, that there was an agreement at the time the note was made to give it up if a receipt should not be produced. The evidence on that subject was plainly in conflict with what the parties did. They settled their accounts, and struck a balance against the defendant, which, by his written agreement, he promised to pay. The promise was absolute—not conditional. It was not that he would pay, if a receipt should be produced; but that he would pay at all events. The parol evidence went directly to contradict the written agreement, and it should have been rejected. (*Erwin* v. *Saunders,* 1 *Cowen,* 249; *McCurtie* v. *Stevens,* 13 *Wend.* 527; *Eaves* v. *Henderson,* 17 *id.* 190; *Payne* v. *Ladue,* 1 *Hill,* 116.) It will not do to allow written contracts to be thus overturned by oral testimony.

This was not a case for a set-off. The parties settled all their accounts, and the note was given for what they ascertained to be the balance due the plaintiff. Although the defendant thought there was some mistake, and that he had not been paid for the brick, the plaintiff claimed that the brick had been paid for, and that the balance struck was due him; and to that the defendant finally assented by an absolute promise to pay. It was not a case of mutual mistake, for the question of payment for the brick was discussed and settled by the parties. If there was no fraud—and none is pretended—the settlement was conclusive. But further: the defendant did not attempt to show that the brick had not in fact been paid for. He rested the defence upon proof that the note was to be given up if a receipt was not produced. That brings us back again to the difficulty that oral testimony cannot be received to contradict or control the legal effect of a written agreement.

Motion granted.