## ELY *vs.* KILBORN.

Where a promissory note was given for the payee's interest in his father's estate, with a parol agreement between the maker and payee, that if the interests of other heirs of the estate could not be obtained in a specified manner, both the note and release should be void, evidence cannot be given of the parol agreement in defence of an action upon the note.

The note and release constitute a written agreement, each is the consideration of the other, and the failure of the condition in the parol agreement is no failure of the consideration of either.

MOTION to set aside report of referees. The action was brought upon a promissory note made by the defendant Hiram W. Kilborn to Allen Kilborn. The defence set up was, that Hiram and Allen Kilborn were brothers, and interested with other heirs in the estate of their father, who had left some parol direction concerning its disposition. That Hiram and Allen agreed between themselves that Hiram should pay Allen seven hundred dollars for a release of his interest in the estate, upon condition that the other heirs would settle their interest in the estate according to the direction of their father; that to carry the agreement into effect this note and another was made by Hiram, and a release in writing by Allen, which were exchanged with the verbal understanding that both were to be void if the settlement with the other heirs was not effected; that such settlement had not taken place, and that the plaintiff received the

note with full knowledge of the facts. A portion of the evidence to establish the defence was the confessions and statements of Allen Kilborn to one of the witnesses. The report of the referees stated that all the evidence was received subject to objection, and excepted to, but it did not appear that any specific objection was made to proof of confessions of Allen Kilborn. The referees reported in favor of defendant.

*C. P. Kirkland*, for plaintiff, insisted that all the evidence on the part of the defence, was parol evidence to vary the agreement contained in the written instruments which passed between Hiram and Allen Kilborn, and should have been excluded; and that the proof of Allen Kilborn's declarations was clearly inadmissible.

*H. Denio*, for defendant.

*By the Court*, Whittlesey, J. It is claimed that the referees erred in admitting testimony of the declarations of Allen Kilborn. If it was objected to, unquestionably the referee erred in admitting it. (*Paige* v. *Cagwin*, 7 *Hill*, 361.) But the objection, as stated in the report, goes to the whole defence and not to the admissibility of the mere mode of proving it. It was evidently intended to raise the question whether the defence set up was admissible, the plaintiff insisting that as the contract between the maker and payee of the note was in writing, being evidenced by the notes on one side and the release on the other, it was incompetent to vary it by parol evidence of a further agreement made at the same time that the written agreement (the notes and release,) should be void unless there was a settlement with all the heirs. The question thus presented is one of no little nicety as applicable to the facts of the case. It has been held in several cases that parol evidence to show that a note was given on condition that it should become void on the happening of a contingency, is inadmissible. (*Ervin* v. *Saunders*, 1 *Cowen*, 249; *Payne* v. *Ladue*, 1 *Hill*, 116.) These cases are very similar to the one before us. The rule,

however, does not exclude parol evidence to show fraud, or want of or entire failure of consideration. There seems to be a distinction taken in some of the cases between the mere passing of a note into the hands of the payee on a condition that it should not take effect, as a delivered instrument, until after the happening of a certain event, and an absolute delivery of the note upon an agreement that it shall be void if the event does not take place. (*Goddard* v. *Cutts*, 2 *Fairfield's Rep.* 440; *Cowen & Hill's Notes*, 1460.) If the present case turned upon this distinction, it might be difficult to determine from the evidence whether the note was delivered as an effective note to be void upon the failure to settle with the other heirs, or delivered only to become effective upon closing the settlement with them. The referees, however, placed their decision on the ground that the evidence offered went to impeach the consideration of the note; that it did not go to alter, vary, or contradict the written agreement, or control its effect, but to prove the sole consideration upon which the notes and release were given, by an independent additional contract founded upon a valid mutual promise, and thus to show a want of consideration or a consideration which had wholly failed. The consideration of the notes was doubtless the release, and that of the release was the notes. The difficulty was, that while part of the agreement was reduced to writing and embodied in the notes and release, the rest of it, which was to control the notes and release, remained in parol. It was not competent to show this to vary the written contract. By the release the defendant acquired an undivided interest in the estate, for which he gave the notes. It is true he was unwilling to make the arrangement unless he could also obtain a particular adjustment with the other heirs; and it was part of the agreement, that if he could not, the notes and release should go for nothing. But this feature of the agreement cannot now be shown by any proof, because it was not in writing. The written portions remain. The conveyance by the release of Allen's portion of the estate is good, and although it does not exactly effect the defendant's

object, yet so far as it goes it furnishes a consideration for the notes. The consideration of the note, therefore, has not failed. I think that the referees erred and that the report should be set aside.

Report of referees set aside.