Gregory vs. Hart.

ISAAC GREGORY, Plaintiff in error,

*vs.*

BENJAMIN HART, Defendant in error.

SAME *vs.* SAME.

ERROR TO THE DANE CIRCUIT COURT.

It is not competent for a defendant, by oral testimony, to show an agreement or understanding, made at the time a promissory note is given, for the purpose of varying or controlling the legal effect of the note.

Nor is it competent, by oral testimony, to show that at the time a promissory note is given, there was some uncertainty about the amount due, and that an endorsement was to be made on the note, after the amount had been determined.

A defendant to an action on a promissory note cannot prove that the note was obtained by fraud, that payments have been made thereon, or that the defendant has a set-off, unless he has first laid the foundation for such proof in his answer.

It is a good defence to an action on a promissory note, by a party taking the same after due, that the note was obtained by the fraud of the payee, or that there was a failure of the consideration.

Where a defendant, in an action on a promissory note, moved to amend his answer so as to show that the note was procured by the fraud and misrepresentations of the payee, it is error to refuse to allow the amendment.

These two cases between the same parties were tried at the same term of the circuit court, and argued together in this court. In the first case the pleading showed that the plaintiff in error made his promissory note in writing, bearing date on the 25th day of November, 1856, whereby he promised to pay one A. J. Hart, or bearer, the sum of $516.36, thirty days from the date of the note, and that said note was duly transferred to the defendant in error.

To this complaint, the plaintiff in error answered:

1. The note being made and delivered to said A. J. Hart, was retained by him until after the same became and was due and payable.

2. That the note came to the possession of the defendant in error, after he had knowledge of the failure of the consideration of said note, and that it was liable to be reduced in amount, as in the answer thereinafter set forth. And

3. The plaintiff in error denied that he was justly indebted to the defendant in error, for the principal of said note and the interest, or in any other sum, because he says that said note was made and delivered to said A. J. Hart, for and in part for the consideration of the purchase, by the plaintiff in error, of the said A. J. Hart, of the goods in a store, at said Dane county, and for the notes, books of account, and general assets due and owing to said Hart, and one B. F. Brown, from various persons, with an express understanding and agreement between the said Hart and plaintiff in error that if any mistakes or errors were found or discovered in the amounts due said Hart upon said notes, books of account, and assets or credits, as shown by the books of account then assigned by the said Hart to the said plaintiff in error, that the same should be allowed and endorsed, the one half on this note and one half upon another note also given for and in consideration of said purchase; and that at the time of the note becoming due, and while the note was in the possession of said Hart, there had been discovered errors and mistakes in the amounts due Hart and Brown as aforesaid, and which had been assigned as the consideration of the note of more than $405, one half of which he claimed as a counter claim against the owner of said note.

Issue was taken on this answer, and the facts which are stated in the opinions appear by the bills of exceptions.

After the issue was joined in the second case, upon the

answer, the defendant below served upon the plaintiff below an amended answer, by adding thereto statements, that the note was given in part payment for a store of goods and merchandise and certain accounts due from various persons to the payee; that the accounts were warranted as existing indebtedness, not subject to reduction; that while the payee held the note, the defendant discovered that there were errors in the accounts of about $1,000, as they appeared by the books; that in consequence of this discovery, the payee delivered up one note which he held, as part of the consideration for the store, &c., and then also agreed with the defendant to endorse on this note the amounts which had then been discovered, and also such sums as should be discovered, to be erroneous; that the amounts then discovered amounted to $200; that a large amount of goods sold by the payee of the value of $50, was not the property of the payee, and had been reclaimed by the owners; that the plaintiff knew all these facts before he took the note from the payee.

That the note was given for the accounts of the payee, and at the time of giving it the payee showed his ledger, and stated that it showed all the credits of the debtors, when he knew it did not; that the books contained false entries and omissions, to give credits to the debtors to the amount of $1,000, and that $460 had not been rectified, whereby the defendant had been cheated; and that the plaintiff had knowledge of the fraud of the payee before he obtained the note; and that the note was assigned after it became due.

The motion to amend was refused by the court, and the defendant excepted. The trial was had upon the original answer, and the facts saved by bill of exceptions.

*J. G. Knapp*, for the Plaintiff in error.

The defendant below had proposed to prove, 1st, a failure of the consideration of the note; 2d, that no consideration

Gregory vs. Hart.

had been given for the making of the note; 3d, that the note was procured from the defendant by fraud and misrepresentation; 4th, that there was a partial failure of the consideration of the note; 5th, a partial payment of the note; and, 6th, a counter claim by way of set-off; all of which the court refused to allow under the answer.

The gist of the answer is the fact that the defendant had not received a consideration, or at least an insufficient consideration for the making and giving of the note declared upon and concerning that consideration the first four proposals to offer evidence were directed. The question for the court to consider in this action is this, does the answer contain sufficient facts to apprise the plaintiff of what defence is intended to be set up and proved? In the consideration of that question, we necessarily have to examine the spirit and letter of the code, and, if possible, arrive at its scope and real meaning.

The great and leading principles of the code, are that all pleadings shall be *special* in form, and *truthful* as far as the party is able to state the same. The true cause of action alone is to be fairly presented to the court, and a decision had thereon, that litigation may be ended. For this reason, the pleader is required to state his case in but one form, instead of several, as heretofore, to make the case and the evidence correspond, and prevent a variance between the declaration and the evidence of the witnesses. But the truthfulness of the action will and must overcome any and every statement in the special pleading of the party. And under this last rule, the truth of every case may be given without any averments, and the pleadings amended on the trial to correspond with the facts proved. In no case is a party having a good cause of action or defence to be driven from the court because his pleadings do not truly state his case, as the witnesses detail the facts on the trial.

We think that sections 77 and 78 of the code fully sustain

the several positions we have assumed. The first of these sections provides for making proof of facts not alleged in the pleadings, unless it actually mislead the opposite party; and in that case an immediate amendment will be ordered in the pleadings, on such terms as may be just. By the 78th section, when the variance is not material, the court may direct the facts to be found in accordance with the evidence, and may order an immediate amendment without any terms.

Upon these sections for a time, some of the courts in New York hesitated, and even refused to surrender the old rules of allegation and proof; but the more correct and later decisions have not only over-ruled the earlier and incorrect ones, but as we hold have returned to the true spirit of the code. *Corning vs. Corning*, 1 Code Rep., N. S., 351; *Gettz vs. Hudson River R. R.*, 6 How. Pr. Rep., 270; *Brown vs. Babcock*, 1 Code Rep., 66: *Egert vs. Wicker*, 10 How. Pr., 197; *Catlin vs. Gunter*, id., 315; *Duel vs. Spencer*, 1 Abbott. Rep., 237; *Cothcal vs. Talmadge*, 1 Com. Pl. Rep., 575; *Zebriskie vs. Smith*, 3 Kern, 322; *Hall vs. Gould*, id. 127; *Harmony vs. Bingham*, 1 Duer, 210; *Dunning vs. Thomas*; 11 How. Pr. Rep., 285; *Foot vs. Sprague*, 12 id., 355.

The same rule has prevailed in Missouri and Iowa; *Chauvin vs. Lownes*, 23 Mo., 227; *Hawkins vs. Edwards*, 1 Clark, 296; *Brink vs. Morton*, 2 id. 411.

The proof ought to have been allowed under these sections, *Wolcott vs. Meech*, 22 Barb, 321. It was an attack upon the consideration without which the contract could not stand, according to the maxim, *ex nudo pacto non oritor actio.* Under the former practice the proof ought to have been admitted under the general issue. *Gatey vs. Rountree*, 2 Chand., 28; *Walton vs. Cody*, 1 Wis. Rep. 420. Much more under the code, *Downing vs. Bonlier*, 21 Mo., 149; *Nelson vs. Johnson*, 25, id. 430. This is but the doctrine of recoupment, on which the courts of this state have long acted, and the doctrine is

Gregory vs. Hart.

fully discussed in the American note to *Paisley vs. Freeman*, 2 Smiths's Leading Cases, 55.

A purely equitable defence may be set up against a strictly legal action. But the defence in this case was more than that; it was a case on which if the money had been fully paid, at the time of the sale, the defendant might maintain an action for his damage, according to the rule in Paisley vs. Freeman. If we look at the case set up, as one of *suggestio falsi* by A. J. Hart, in which the false representation was a material inducement to the giving the note, then equity would have granted relief against it, on a proper bill made, and restrained the collection of the note. Willard's Eq. Jur., 148 to 50.

I shall allude to but one more case on this part of the argument and that comes from this court, *Hill vs. Woodward*, 1858, where the court most properly say, " This action is brought under the code, and is therefore enlarged so as to grasp all the equities between the parties as effectually as would a bill in equity."

If the defendant could have set up this defence against A. J. Hart, could he have done so against this plaintiff, who is the assignee of A. J. Hart? My position is that he can. Because, 1st. The defendant offered to show knowledge of all the facts offered to be proved, in the plaintiff before the purchase of the note. 2d. That the note came into the hands of the plaintiff after due. 3rd. The answer and replication would admit the defence. *Martindale vs. Hudson*, 25 Mo., 422.

But in the case before the court, the circuit judge ruled out all the evidence, and offers of the defendant, even after the offers to amend.

*S. U. Pinney*, for defendant in error.

The defendant's answer does not set up a valid defence to the plaintiff's action. The agreement set out in the answer, was an offer to prove said agreement by parol testimony.

1. This was an attempt to prove by parol a contract, different from the terms of the written one, and thereby to change its terms and was not competent. *Payne vs. Ladue*, 1 Hill, 116; *Brown vs. Hull*, 1 Denio, 400; *Erwin vs. Saunders*, 1 Cow., 249; 5 Pick, 506, 11 Pick, 417; *Staines et al. vs. Tappan*, 4 Wis.

2. The defendant cannot, under the code, give any matter in evidence as a defence unless it is properly pleaded in his answer. In the answer, the defendant denies that he is indebted *because he says*, &c., and here narrows his defence to the particular matters alleged—and cannot under this answer show any other defence than the one alleged. *Livingston vs. Finkle*, 8 How., Pr. 486; *Fay vs. Grimsleed*, 10 Barb. S. C. 321.

A denial of the indebtedness would not avail, because it is a conclusion of Law. So payment, or counter claim cannot be given in evidence unless pleaded; nor can fraud or failure of consideration.

*By the Court*, COLE, J. This was an action against the plaintiff in error and defendant below, upon a promissory note given by him to one A. J. Hart. The defendant, in his answer, substantially states that the note was transferred to the plaintiff after maturity, and was taken with full knowledge of the failure of the consideration thereof; and that it was liable to be reduced in amount; that the note was made and delivered to the payee thereof in part consideration of a stock of goods bought of the payee, and of certain notes, books of account, &c., &c., belonging to the payee and another, and assigned to him; and that it was the express understanding and agreement between him and such payee, that if any mistakes were discovered in the amounts due upon such notes, books of account, &c., that the same should be allowed

and endorsed, one-half upon this note, and one-half upon another note given at the same time, &c. There was a general denial filed to this answer.

On the trial, the defendant among other things, offered to prove the truth of the facts set up, and relied on in his answer, which evidence was objected to on the ground that it was not competent to prove these matters by parol. The court sustained the objection and excluded the evidence.

We suppose there can be no doubt about the correctness of the decision of the circuit court excluding the evidence. It was certainly not competent to show by oral testimony this agreement or understanding, made at the time the note was given, for the purpose of varying or controlling its legal effect, *Erwin vs. Saunders*, 1 Cowen, 249 ; *Payne vs. Ladue*, 1 Hill, 116 ; *Brown vs. Hull*, 1 Denio, 400. The note contained an absolute promise to pay a certain sum of money. The proof offered tended to show that there was some uncertainty about this engagement, and that in a certain event an endorsement was to be made upon it, and that the whole amount was not to be paid. This was in direct conflict with the well settled rules of evidence, and the testimony was properly rejected.

The defendant further offered to show a partial and a total failure of consideration of the note, of which the plaintiff had knowledge before he obtained it ; also that the note had been obtained by fraud ; that there had been partial payment made upon it ; and offered to prove a set off by way of counterclaim. All this testimony was objected to, as being inadmissible under the pleadings.

Under the system introduced by the code, it is very obvious that the defendant could not give evidence of these matters, since they were not set up in his answer. It was necessary for him to plead his defence, in order to lay the foundation for his proof. This he did not do. The evidence, therefore, was very properly rejected.

It follows from these views that the judgment of the circuit court must be affirmed.


## CASE NO. 2.

*By the Court*, COLE, J.   The facts and circumstances of this case are much like the one just disposed of between the same parties, with this difference :   In the present case the defendant below, (the plaintiff in error) made an application to the court for leave to file an amended answer before trial, which was refused.   In the amended answer the defendant sets up in full his various defences to the note, one of which is fraud. He alleges that the payee of the note, A. J. Hart, produced his account books, and represented that the same contained correct charges of the indebtedness of various individuals, while the account book was not correct, but contained false and fraudulent entries of indebtedness, made by the payee for the purpose of cheating and defrauding him, and that the note was given in consideration of the sale and assignment of these pretended items of indebtedness to him ; that the plaintiff in the action had full knowledge of these facts before he became the owner of the note, and that he did not take the note until after maturity.   Now according to the allegations of the answer, it is apparent that the plaintiff below stood in precisely the situation of the payee of the note, and is identified with him in equity, having taken the same, overdue, and with full knowledge that the instrument was void from fraud or failure of consideration.   This defect or infirmity in the note at its creation, is therefore a good and proper defence between these parties.

And we are therefore of the opinion that the circuit court ought to have permitted the plaintiff in error to file his amended answer, so as to enable him to avail himself of this de-

fence. Section 81 of the code provides, that the court may, before or after judgment, in furtherance of justice, and upon such terms as may be proper, amend any pleadings or proceedings by adding or striking out the name of any party, or a mistake in any other respect, or by inserting other allegations material to the case. In the liberal spirit of this enactment, and in furtherance of justice, there can be no doubt but it was competent and proper to file the amended answer, and we think there was an absence of discretion on the part of the circuit court, in not permitting it to be done.

Upon this ground alone the judgment of the circuit court is reversed, and the cause is remanded for further proceedings in accordance with this decision.