PHILIP W. CRATER, Respondent, v. ABRAM N. BININGER, Appellant.

Where money is advanced by a partner under no legal obligation to do so, although to be used in the partnership business, he has a right to impose conditions, and prescribe the security for the advance, and the contract then made cannot be varied by any cotemporaneous or prior verbal agreement, or affected by the business relations of the parties.

There is no rule forbidding one partner to sue another at law in respect of a debt arising out of a partnership transaction, if the obligation or contract, though relating to the partnership business, is separate and distinct from all other matters in question between the partners, and can be determined without going into the partnership accounts.

The plaintiff being interested in a joint stock company (unincorporated), and the company needing money to pay debts accrued in the partnership business, the defendant and S., being also interested and principal managers of the company, applied to the plaintiff to raise money for that purpose at the bank upon the note of the defendant, payable to and indorsed by S. This he did, and the note being unpaid at maturity, he paid and took a transfer thereof.—*Held*, that he could recover the amount thereof against the defendant, and that parol evidence to show that, at the time the note was made, the plaintiff agreed to pay one-third of it, was inadmissible to vary the contract.

(*Gridley* v. *Dole*, 4 Comst., 486, approved.)

(Argued April 24th; decided May 23d, 1871.)

APPEAL from the judgment of the General Term of the Supreme Court, in the first judicial district, affirming the judgment upon a decision of the judge without jury in favor of the plaintiff.

The action is against the defendant as maker of a promissory note to the order of and indorsed by one Sanger. The plaintiff, defendant, Sanger, and several others composed a joint stock association (unincorporated), known as the Oil Creek Petroleum Company. In their operations, the company became indebted to their agents and employes, and this note was made for the purpose of raising money to pay off the indebtedness of the company, and was discounted by a bank in New Jersey, and on its maturity was paid by the plaintiff, to whom it was transferred. The defence was that

the plaintiff agreed, at the time of the making of the note, to provide for and pay one-third thereof, if the company should not be in funds for that purpose when it became due. Some evidence of such an agreement was given by the defendant. The cause was tried by the court without a jury, and judgment was given for the plaintiff, which was affirmed at General Term of the Supreme Court.

*Simeon E. Church,* for the appellant, cited *Ives* v. *Miller* (19 Barb., 196); *Francisco* v. *Fitch* (25 Barb., 130); *Sherwood* v. *Barton* (36 Barb., 284); *Traders' Bank of Rochester* v. *Bradner* (43 Barb., 379); *Freeland* v. *Van Campen* (38 N. Y., 39).

*Samuel Hand,* for the respondent. On the question that parol evidence could not vary the note. (Chitty on Bills, 47; *Hoare* v. *Graham,* 3 Camp., 57; Rutand's Case, 5 Rep., 25; Parsons on B. & N., vol. 2, p. 501; *Sice* v. *Cunningham,* 1 Cow., 397; *Babson* v. *Webber,* 9 Pick., 163; *Eaves* v. *Henderson,* 17 Wend., 190; *Ely* v. *Kibborn,* 5 Den., 514.) Upon the question of the note being to raise money for partnership purposes. (*Gridley* v. *Dole,* 4 Comst., 486; *Vanness* v. *Forrest,* 8 Cranch., 30.)

ALLEN, J. The defendant and Sanger, the indorser of the note in suit, were the active promoters and principal managers of the company for whose benefit, it is claimed, the note was made. The other associates, including the plaintiff, appear to have had but slight personal connection with the business of the association. There is no evidence that the plaintiff was at any time a party to the note as indorser, or otherwise. His agency was confined to the discounting, or the procuring the same to be discounted by a New Jersey bank. If there is any evidence that he undertook to provide for or pay any part of the note, it is very slight. The only witness to the fact is the defendant, and after stating very generally that he understood that himself, Sanger and the plaintiff should take care of the note, but without being able to refer to any con-

versation with the plaintiff from which he formed his opinion, he finally said, " I will not swear positively that Mr. Crater said he would pay one-third of the note, but I understood Sanger so, and it was implied that we three were to take care of the note," and there left it. The evidence came very far short of proving any agreement by the plaintiff to relieve the defendant from the liability he assumed as maker of the note. The judge, upon the trial, with the assent of the parties, discharged the jury, and himself decided the issues of fact and law. He does not find that an agreement was made by the plaintiff as alleged, nor was there any request to find such fact, or exception to the refusal or omission to pass upon the question. Neither is there any fact found, showing any connection of the plaintiff with the origin or consideration of the note, or any business relation or connection between the plaintiff and defendant. The judge merely finds the making of the note by the defendant, and the indorsement thereof by the payee to the plaintiff before maturity, and for value and the amount due and unpaid thereon. But if the facts alleged had been proved upon the trial and found by the judge, they would have constituted no defence. It was incompetent for the defendant to vary the terms of the note, or relieve himself from liability thereon, in whole or in part, by evidence of a verbal agreement made before or at the time of making the instrument. (*Ely* v. *Kilborn*, 5 Denio, 514; *Evans* v. *Henderson*, 17 W. R., 190.)

The relation of the parties to each other as partners with others, in connection with the fact that the note was made for the business purposes of the partnership, and that the money realized from its discount was applied to the payment of the debts of the association, presented no obstacle to an action upon the note by the plaintiff, who had advanced the money upon the credit of the parties to it. The note was not a partnership note; it was not given by or to the firm. It was given by one member of the partnership to another, upon a good consideration, and an action upon it did not involve an examination of the partnership accounts. In *Van*

*Ness* v. *Forrest* (8 Cranch., 30), it was held that a promissory note given by one member of a commercial company to another member for the use of the. company, would maintain an action at law by the promissee in his own name against the maker, notwithstanding both parties were partners in that company, and the money when received would belong to the company. A case in more close analogy to this, as the facts are claimed by the defence, is *Gridley* v. *Dole* (4 Comstk., 486). There one of two partners, after dissolution of the copartnership, had advanced money to the other to be applied in payment of the partnership debts, taking a promissory note for the money advanced. Evidence of a cotemporaneous verbal agreement that the note should be paid out of the effects of the firm, and if such effects were not sufficient, then that the lender should pay a portion of the note, was held inadmissible. An action will not lie by one member of a partnership against another upon an implied promise, and if the plaintiff had paid the demands against the firm, he could not have maintained an action against his associates upon the implied promise to repay him; but one partner can maintain an action against his copartner upon an express promise, although connected with the partnership business. (*Townsend* v. *Goewey*, 19 W. R., 424.) Judge GARDNER, in *Gridley* v. *Dole, supra,* says: "If one partner gives the other his promissory note or separate acceptance for value received, on the partnership account, an action will lie on such note or bill." Citing Collyer on Partnership, § 269, and 1 Anst., 50.

If the evidence is referred to it will be seen that the plaintiff refused to advance the money except upon a note made by the defendant and indorsed by Janger; and as he was under no legal obligation to advance the money, he had a right to impose the conditions and prescribe the security, and the contract then made cannot be varied by any cotemporaneous or prior verbal agreement, or affected by the business relations of the parties. (Lindley on Part., 735; *Fox* v. *Frith*, 10 M. & W., 131; *Bedford* v. *Brutton*, 1 Bing. N. C., 399; *Sedgwick* v. *Daniell*, 2 H. & N., 319.) There is no rule forbidding

one partner to sue another at law in respect of a debt arising out of a partnership transaction. If the obligation or contract, though relating to the partnership business, is separate and distinct from all other matters in question between the partners, and can be determined without going into the partnership accounts, an action will lie by one partner against his copartner. (*Worrall* v. *Grayson*, 1 M. & W., 166.) The advance of the money upon the security of the note in suit for a special purpose connected with the partnership business was separate and distinct from the general partnership dealings, and an action upon it does not involve an examination of the partnership accounts. It was an independent transaction between two of several partners, and the contract is valid and may be enforced at law. The judgment should be affirmed.

All concurring except Rapallo, J., not voting.

Judgment affirmed.