Mr. Justice Olin
delivered the opinion of the court:
The evidence admitted by the court in this case was, we .think, clearly inadmissible; because its object was directly to contradict or vary the terms of the written contract by parol evidence tending to show that the written contract sued upon was not the contract made between the parties. See 1 Green. Ev., § 275, et seq. The rule of law has been long well settled that an agreement reduced to writing, and signed by the parties, cannot be contradicted in its legal effect and meaning, where the contract is clear and explicit in its terms, by a contemporaneous oral agreement, tending to show that the written agreement was not the agreement of the parties. See 1 Hill, 116, Payne vs. Ladue; 1 Cow., 249, Erwin vs. Sanders; 5 Denio, 514, Ely vs. Kilborn; 18 Johns., 44, Wells vs. Baldwin; 8 Johns., 375, Fitzhugh vs. *332 Remington; 1 Denio, 400, Brown vs. Hull; 11 Pick., 416, Spring vs. Lovett; 9 Met., 39; 4 Gray, 504, Allen vs. Furbish; 1 MacA., 223. The written contract in this case was what is termed a promissory note, agreeing to pay a given amount of money on a particular day named. The defense set up is substantially that, at the time of executing and delivering the note, it was agreed and understood by the parties that the note was not to be paid in money at all, nor at the time mentioned in the note; but was to be paid in a manner very different from that stipulated in the written contract. Such evidence clearly contradicted the legal import and terms of the written agreement, and was wholly inadmissible, unless the uncertain recollection of witnesses is allowed to overthrow the most solemn written instruments in cases even where no fraud is charged.
It was suggested, on the argument of this cause in banc, that there was no more reason in the rule that contemporaneous parol agreement should not be received in evidence to vary, contradict or modify a written agreement, than to allow evidence of a parol agreement, made subsequently to the execution of the written agreement, to alter, modify, or discharge the same.
It seems to us the distinction between the two cases is. manifest. The rule which excludes parol evidence from contradicting or varying a written instrument is based upon the principle that when parties draw up and sign a written instrument, such instrument expresses their whole agreement in regard to the matter of contract. But in reference to a contract made subsequent to the written agreement, whether by parol or by writing, if founded on a good consideration, it is allowed to alter or discharge the original written contract.
The judgment in this case must be reversed, and a new trial granted.
Cartter, Ch. J., dissenting.