JAMES H. BURHANS, RESPONDENT, v. LESTER CARTER, APPELLANT.

*Exchange of note for bond and mortgage — failure of consideration — Agreement varying terms of note — when it cannot be established by parol.*

Prior to September 29, 1871, Weir, as the testamentary guardian of the plaintiff, had received $500 in cash and a bond and mortgage for $1,100. On that day plaintiff and Weir stated to the defendant that Weir had used and spent the $500; that he could not repay the same and could only secure it by a bond and mortgage on his house which was already incumbered; that Weir could not make a mortgage directly to his ward and asked defendant to take a bond and mortgage on Weir's house and give his note for the $500. Defendant accordingly gave a promissory note for $500, payable February 7, 1875, when plaintiff would be of age, "to Robert Weir, as guardian of James H. Burhans," with interest payable annually, and received from Weir a bond and mortgage for the same amount, payable at the same time. Subsequently Weir's house was sold upon the foreclosure of a prior mortgage and no surplus remained for payment of defendant's mortgage.

In an action upon the note, *held*, that upon the exchange of the note for the bond and mortgage each became a valid and legal obligation, enforceable by the holder as a purchaser for value, and that plaintiff was entitled to recover though defendant had received nothing upon his mortgage.

*Semble*, that an agreement that the defendant should not be liable on the note according to the terms thereof, but only for so much as he should receive upon the bond and mortgage, could not be established by parol.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

*S. R. Pratt*, for the appellant. There was a total failure of consideration for the note, and the plaintiff was not entitled to recover. (*Aldrich* v. *Stockwell*, 9 Allen, 45; *Sawyer* v. *Chambers*, 44 Barb., 42; S. C., 43 id., 622; *Colville* v. *Besley*, 2 Denio, 139; *Cross* v. *Huntley*, 13 Wend., 385; *Head* v. *Stevens*, 19 id., 411; *McDougall* v. *Fogg*, 2 Bosw., 387; *Tappan* v. *Van Waggenen*, 3 Johns., 465; *Briggs* v. *Vanderbilt*, 19 Barb., 222; *Hills* v. *Bannister*, 8 Cowen, 31; *Spaulding* v. *Vandercook*, 2 Wend., 431; 1 Parsons on Contracts, 462.)

*A. H. Francis*, for the respondent. The evidence of defendant and Weir shows valid, legal and full consideration for the note, in

the bond and mortgage and the $1,100 mortgage delivered up by Weir, as between Weir and defendant. (*Fay* v. *Richards*, 21 Wend., 626; *Dowe* v. *Schutt*, 2 Denio, 621; *Wooster, etc.*, v. *Jenkins*, 3 id., 187; *Troy City Bank* v. *McSpedon*, 33 Barb., 81; *Bassett* v. *Bassett*, 55 id., 505; 6 Duer, 341; 15 Johns., 44.)

TALCOTT, J.:

This is an appeal from a judgment entered on the report of a referee. The action is upon a promissory note made by the defendant to one Robert Weir, as guardian of the plaintiff, on the 29th day of September, in the year 1871. The answer admits the making of the note, but alleges that it was given without consideration, and solely for the accommodation of the said Wier as such guardian. The second defense contains allegations that defendant was induced to give the note by representations of Weir, and the plaintiff, that defendant should not be put to any cost or expense on account of the note, and that the same was obtained through false representations as to the value of a certain bond and mortgage, executed by Weir and wife to the defendant at the time when the defendant gave the note.

The facts of the case seem to be as follows: The said Robert Weir was a testamentary guardian of the plaintiff, who, at the time of the giving of the note, was about eighteen years old, and was then boarding in the family of the defendant, at Champion, in the State of New York. There had come to the possession of Wier, as such guardian, the sum of $500, which he had received from the defendant as the purchase-money of a parcel of land, purchased of the father of the plaintiff in his lifetime, and also a bond and mortgage made by the defendant for about $1,100. On the day of the making of the note Wier came to the defendant and told him that he (Weir) was in trouble; that he had used the $500 which had been paid to him as the guardian of the plaintiff, in his own business, and the same was spent; that he had no means of securing the amount to the plaintiff, except by giving a bond accompanied by a mortgage on a house and lot in which Wier then resided, and already incumbered, and requested the defendant to take said mortgage and execute the note in question, payable on the 7th day of February, 1875, when the plaintiff would arrive at full age, Wier

giving as a reason for this, that he could not make the mortgage directly to his ward. When the plaintiff was informed of the fact of Weir's insolvency, and that he had spent the $500, he also urged the defendant to accept Weir's proposal, and also urged him to take from Weir's possession the bond and mortgage of $1,100. The referee finds "that the defendant, after consultation with said infant, and at said infant's urgent solicitation, finally consented to and with said Weir to take said bond and mortgage and give his (defendant's) note in exchange, on the further condition that said Weir should surrender and give up the $1,100 mortgage made by the defendant which he (Weir) held as guardian of said infant."

This arrangement was finally consummated, Weir giving his bond, secured by a mortgage on the dwelling-house, conditioned to pay the defendant the sum of $500, on the 7th day of February, 1875, with interest annually, and all taxes to be assessed against the said defendant by reason of said bond and mortgage, and at the same time surrendered to the infant the $1,100 bond and mortgage, and received as such guardian the defendant's note, purporting to be for value received, for $500, with annual interest payable on the 7th of February, 1875, "to Robert Weir as guardian of James H. Burhans." Afterwards Weir was superseded in his guardianship and one Merrill was appointed by the surrogate of Jefferson county as guardian of the plaintiff, who, on the plaintiff coming of age, delivered to him the note for $500. The premises covered by Weir's mortgage were sold on the 5th day of October, 1872, on the foreclosure of a prior mortgage, one of the incumbrances of which the defendant had been notified by Weir at the time of giving the note, and sold for less than the amount due on the judgment of foreclosure. The defendant did not attend the sale.

There appears to have been no evidence to sustain the allegations of the defendant that the bond and mortgage were obtained through false representations, and no finding by the referee on the subject. There was no finding by the referee that either Weir or the plaintiff agreed at the time of the giving of the note, that the defendant should not be called upon to pay upon it any more than he should receive on the bond and mortgage which was executed to him by Weir. On the settlement of the case the referee was specially

requested to find that such an agreement was made both by the plaintiff and by Weir, but declined so to do.

There was evidence that both the plaintiff and Weir had made substantially such an agreement, consisting of the testimony of the defendant and his wife and daughter. On the other hand, the testimony of the plaintiff and Weir distinctly repudiated any such agreement, and in addition to this was the evidence contained on the face of the papers. The bond and mortgage of Weir were made to the plaintiff. The mortgage contained not only the usual consideration clause, but a statement that the grant was intended as security for the payment of the sum of $500 with the interest, and the note purports to have been given for value received. Considering that an agreement that the defendant should be bound to pay no more on the note than he should be able to collect and receive on the bond and mortgage was an affirmative fact for the defendant to establish, we cannot say that the referee erred in determining this question of fact upon the conflicting evidence.

The fact being thus determined, the question arises as to whether an exchange of securities for mutual accommodation and without any agreement on either side for indemnity, or that they are not to be paid according to the face of the contracts, can be enforced in the hands of the original parties, who have not paid or parted with any new consideration.

The alleged agreement that the defendant should not be liable on the note according to the face of the promise, but for only so much as he should receive from Weir's bond and mortgage, probably could not be established by parol. (*Erwin* v. *Saunders*, 1 Cow., 249 ; *Ely* v. *Kilborn*, 5 Den., 514 ; *Payne* v. *Ladue*, 1 Hill, 116 ; *Brown* v. *Hull*, 1 Den., 400.)

However that may be in the exchange of the securities, the bond and mortgage for $500 and interest, and the defendant's note for the same amount, payable at the same time, in the absence of any agreement that the defendant was not to be required to pay his note, though it was done for the accommodation and benefit of Weir and the plaintiff, was valid, as each security formed a good consideration for the other at law, though it finally resulted that the defendant in fact realized nothing from the bond and mortgage made to him. " Where cross-notes are made and specifically exchanged by

the makers, each note is the proper debt of the maker thereof, and each holder is a purchaser for value." (*Dowe* v. *Schutt*, 2 Den., 621; *Rice* v. *Mather*, 3 Wend., 62; *Cameron* v. *Chappell et al.*, 24 Wend., 94; *Prest. of Troy City Bk.* v. *McSpedon*, 3 Abb. Appeal Decisions, 133; *Bassett* v. *Bassett et al.*, 55 Barb., 505.)

On the findings of the referee, therefore, the judgment must be affirmed.

Judgment affirmed.

Present — Mullin, P. J., Talcott and Smith, JJ.

Judgment affirmed.