By the Court.
Freedman, J.
Omitting from the complaint all matters that appear to be immaterial to any cause of action, there remain the allegations :
I. That about January 1, 1881, the plaintiffs and one Reckendorfer entered into a copartnership agreement to do business under the firm name of the “ Eagle Pencil Company.”
II. Reckendorfer in the course of the business of the copartnership and as sole manager of said business during his lifetime, took out in his individual name, but for the use of the firm, which still is the sole beneficiary, certain patents, etc., purchased with the funds of the firm, and agreed to assign the same to the firm.
III. Reckendorfer died about July 7, 1883, and the defendants are the executors of his will.
IV. By the provisions of the copartnership agreement and of agreements thereunder, between plaintiffs and defendants, the plaintiff Henry Berolzheimer, was, upon the death of Reckendorfer, appointed sole manager of the co-partnership business.
V. By the provisions of the copartnership agreement the plaintiffs, Henry Berolzheimer and Martin Berolzheimer are respectively entitled to 33-J- and 25 per cent, of all the assets of the firm, and are respectively the owners of one undivided third and one undivided fourth interest in and to all of said patents, etc.
• VI. About January 28, 1884, the plaintiffs duly served on the defendants a written demand in the name of the Eagle Pencil Co., and of themselves as surviving copartners, that the defendants assign to the firm, or to the *98 members thereof, all the patents, etc., held by said Reckendorfer in his individual name which are the property of the firm;. and on January 23, and 25, 1884, the plaintiff’s ■ duly served on the defendants a written notice demanding that they assign to the respective members of the firm their respective shares in such patents, etc.
VII. Defendants refused and still refuse to make any such transfer or assignment; and that since the death of Reckendorf er it is essential and necessary that said patents, etc., be transferred to the name of the true proprietor, the Eagle Pencil Co.
Wherefore plaintiffs demand that defendants execute and deliver good and sufficient assignments of each and every patent, etc., belonging to said firm ; that defendants be enjoined from making any other disposition of the same, etc.
To this complaint the defendants demurred on the grounds: I. That there was a misjoinder of parties plaintiff ; and II. That the complaint did not state facts sufficient to constitute a cause of action.
In my judgment neither ground is tenable.
Por the purposes of the demurrer the allegations of the complaint stand admitted, and none of the equities claimed on behalf of the defendants in the brief of the learned counsel can be considered, unless their existence is fairly apparent or deducible from the complaint.
As to the first ground, it is insisted that, in as much, as the plaintiffs did not in the title of the action describe themselves as survivors, the action cannot be considered as one by survivors, and upon this point Merritt v. Seaman (6 N. Y. 168), has been cited. But that case decides only that an executor can maintain a suit, either in his own name or as executor, upon a note given to him as executor for a debt due to the testator at the time of his decease; and that, where in the beginning of the complaint, he is described as executor, and then a cause of action is set forth in his favor without reference to his representative character, the action will be regarded as his private action, and *99 the words “ executor, etc.” as a mere descriptiopersones and surplusage.
It may be conceded, however, that a party cannot sue in his own right, if he can recover only in a representative capacity. But under this rule it is not necessary, though it certainly is the better practice, that the representative capacity should be expressed in the title. If the averments, frame and scope of the complaint affix to the plaintiff a representative character and standing in the litigation, it is sufficient (Beers v. Shannon, 12 Hun, 163 ; affirmed on this point though reversed on another, in 73 N. Y. 292 ; Stilwell v. Carpenter, 2 Abb. N. C. 238 ; S. C., 62 N. Y. 639).
In the case at bar the body of the complaint shows that the plaintiffs, both as surviving partners and as individuals entitled to 58| per cent, of all the assets of the firm between them, claim that the legal representatives of a deceased partner should be compelled to restore to the co-partnership and for copartnership purposes certain patents conceded to be copartnership property which the deceased had agreed to transfer to the copartnership.
This is a joint cause of action, though, in addition and perhaps solely by way of abundant caution, the plaintiffs severally and individually joined in the prayer for relief. There can be no objection to this in a comí of equity. But if there were, and it is not intended here to decide the point, the complaint would still have to be sustained against the first objection specified by the defendants in then* demurrer, if, after rejecting all the plaintiffs claim severally and individually as surplusage, the remaining allegations sufficiently show a joint cause of action of some sort, and this they do, so far as the first ground of the demurrer is concerned.
There being no misjoinder of parties plaintiff, the next question presented by the appeal is, whether the complaint sets forth facts sufficient to constitute a joint cause of action in the plaintiffs. .
A contract of copartnership is a personal contract, and *100 does not extend beyond the life of the contracting parties except by express terms. There is no proof here of such express terms. True, the complaint avers that by the provisions of the copartnership agreement and of agreements thereunder between the plaintiffs and the defendants, the plaintiff Henry Berolzheimer was, upon the death of Eeckendorfer, appointed sole manager of the co-partnership business. ' But whether this was done for the purpose of continuing the business or of winding it up, it is not stated. Assuming, however, that it was done, as the defendants contend, for the purpose of continuing the business, the averment is not equivalent to an allegation that the original contract of copartnership provided for a continuance of the business after the death of Eeckendorfer in such a way as to make the defendants partners in the place of Eeckendorfer. This, even upon the assumption stated, leaves the plaintiffs presumptively as surviving partners, with the right as such to continue the copartnership business for an indefinite period of time with Henry Berolzheimer as sole manager. As such, they are presumptively entitled to the possession of the property and the assets of the copartnership.
But even if the defendants occupied the position of partners as fully as Eeckendorfer would fill it, if he were still alive, it would not follow from that alone, that the plaintiffs upon the facts set forth can only sue for a dissolution and an accounting. A dissolution is the most far-reaching and radical remedy between partners, and a court of equity will not force partners into a dissolution, if justice can be done without resorting to this extreme step (Traphagen v. Burt, 61 N. Y. 30 ; Collyer on Partnership, 339, § 345 ; Lindley on Partnership, 152,153).
In Crater v. Bininger (45 N. Y. 545), it was even held that if the obligation or contract, though relating to the partnership business, is separate and distinct from all other matters in question between the partners, and can be enforced without going into the partnership accounts, an action at law will lie by one partner against his copartner.
*101 The case therefore comes down to this : The plaintiffs, as surviving partners, and having as such by special contract the right to continue the copartnership business for an indefinite period of time after, and notwithstanding the death of Reckendorfer, show' that Reckendorfer, the deceased partner and former manager, acquired in his lifetime, the title to certain patents with moneys of the co-partnership, and for the use of the copartnership ; that he held such title for convenience sake in his individual name, that he agreed to assign the same to the firm, that he died without having done so, that upon his death the said title went to the defendants, as his executors, who have no right to retain the same, or to participate in the management of the business ; that an assignment of said title to the firm was duly demanded by the plaintiffs from the defendants, and refused, and .that such assignment is necessary.
This constitutes a good equitable cause of action. If it were necessary, which I do not think it is, for the complaint to set forth facts and circumstances which show affirmatively that some interest of the plaintiffs jointly, or of the firm, is, or is likely to be, affected by the title being in the defendants as executors rather than in the firm, then the death of Reckendorfer and the continuation of the business and the devolution of the management thereof, as above stated, would of themselves be enough. They would of themselves furnish a sufficient reason why the defendants should be compelled to carry out the agreement which not only was positively made by their testator, but which the law would imply if it had not been expressly made. The case as presented by the complaint does not involve a mere question of possession. It involves the question of title.. Defendants do not only hold the possession of the patents, but the sole and exclusive title to them. A patent is a species of property the title to which is documentary and of record. It cannot pass by mere delivery, but a change in title must be by deed of assignment. As the patents in question now stand, though they were purchased with the moneys of the firm and for *102 the use of the firm, the defendants wrongfully retain the title to them in their individual names, and can at any time deprive the plaintiffs of all their rights therein by an assignment. This is a sufficient equity calling for the interposition of the equitable powers of the court because no adequate remedy for its protection exists at law. The complaint demands an assignment of the patents, etc., only to the firm. In investing the firm with the title, the defendants only place it where it belongs and where it will be held for the benefit of the estate they represent, as well as for the benefit of the plaintiffs.
In every aspect that may be taken of the complaint, a joint equitable cause of action is sufficiently set forth. If there are facts by which it can be shown that the demand made by the plaintiffs upon the defendants for assignments, etc., as pleaded, and which is sufficiently pleaded, was after all not a proper or sufficient one, because under the peculiar circumstances of the case the plaintiffs should have had the assignments, etc., prepared, and then tendered them for execution, such facts and circumstances should be pleaded by way of answer to the complaint. On a demurrer which admits the allegations of the complaint, they cannot be anticipated.
Both grounds of the demurrer having been found to be untenable, the judgments and the order appealed from should be reversed with costs, and the plaintiffs should have judgment upon the demurrer with costs, with leave, however to the defendants to answer upon payment of all the costs aforesaid.
Van Vorst, J., concurred.