Dusenbury v. Cantlon.

---

### Variance between bought-and-sold notes.

---

# City Court.

### Special Term—December, 1884.

## CHARLES DUSENBURY *against* EDWARD CANTLON.

Where the defendant agreed with two others to purchase at auction in his own name, but on joint account of the three, certain wire cloth, the funds for the purchase being furnished by the three, and the defendant subsequently sold the cloth and received the proceeds,—*Held*, that the three were not partners, and that the two might maintain separate actions at law against the defendant. to recover their respective shares of the proceeds.

Decision on argument of demurrer.

McAdam, Ch. J.—The complaint charges that about April 9, 1884, plaintiff, defendant, and one Albert Seligman entered into a contract to purchase certain wire cloth at an auction sale; · that the defendant was to purchase said wire cloth in his own name, but on the joint account of the three,—himself, Seligman, and the plaintiff; each of the three was to pay one-third of the cost; that the cloth was purchased under said agreement by the defendant for $426, one-third of which amount, viz., $142, was paid by the plaintiff to the defendant. The complaint charges that the defendant has sold the said wire cloth, and has received the proceeds, and that the defendant has refused to settle with the plaintiff or return the $142,

Dusenbury v. Cantlon.

paid as aforesaid. · The three parties were joint own-
ers of the wire cloth, the defendant sold it, and became
liable to each of the other two owners for one-third of the
amount realized, if the sale was authorized, and one-third
of the value, if it was not. This joint ownership did not
necessarily make the parties partners (Porter v. McClure,
15 *Wend.* 187 ; Sage v. Sherman, 2 *N. Y.* 427 ; Boeklen v.
Hardenburgh, 60 *N. Y.* 9). A person whose goods have
been wrongfully sold may either sue for the tort in an
action of trover, or, if he pleases, claim the amount
received for the sale as a debt for money received for his
use (*Dicey Parties to Actions,* London ed. of 1870, p. 20).
The sale made by the defendant destroyed the joint
ownership of the wire cloth, and left the defendant
indebted to each of the other two owners in one-third of
the amount of the proceeds. A common-law action is
comprehensive enough to afford the necessary relief in
such a case ; recourse to equity would be useless. No
accounting is necessary. If the property realized $300,
the defendant owes the plaintiff $100. The complaint sets
forth nothing which requires any other mode of computa-
tion.

There is no rule forbidding one partner from suing
another at law in respect of a debt arising out of a part-
nership transaction, if the obligation or contract, though
relating to the partnership business, is separate and dis-
tinct from all other matters in question between the part-
ners, and can be determined without going into the part-
nership accounts (Crater v. Biniger, 45 *N. Y.* 545). In the
present case, there was no partnership.

In Baldwin v. Burrows (47 *N. Y.* 206) it is said, " Where
several parties agree to purchase personal property in
the name of one of them, and to take aliquot shares of
the purchase without agreeing to sell jointly, there is no
partnership." Here, there was no agreement to sell
jointly (so far as the complaint discloses) and the defend-
ant sold the property without permission. The plaintiff

has his remedy at law for the wrong (Dyckman *v.* Valiente, 42 *N. Y.* 549). Upon the entire case, I have arrived at the conclusion that the court has jurisdiction of the action; (2) that there is no defect of parties, the plantiff having the right, after severance of joint ownership by sale, to sue for his individual share of the proceeds; (3) that the complaint states a good cause of action.

It follows, therefore, that the demurrer must be over-ruled, with leave to the defendant to withdraw the same within six days and answer over on payment of $10 costs.

See Sturges *v.* Judson, 1 *City Ct. R.* 256.