ARTHUR T. HALLIDAY *against* CHARLES E. CARMAN.

(Decided April 3d, 1876.)

An action can be maintained by one partner against another for a breach of a covenant contained in the articles of copartnership where the liability arising from the covenant is entirely distinct from the affairs of the partnership, and in no way jointly connected with the prosecution of it as a joint enterprise or adventure.

Where the defendant and another entered into a partnership in the purchase of and transactions in regard to horses, and the defendant agreed with his partner that no charge should be made against him (the partner) for the keeping or the training of the horses: *Held*, that an action at law would lie against the defendant for a breach of this covenant on his part, in consequence of which his partner was obliged to provide for the keeping of the horses, and that the fact that a suit in equity was pending for the settlement and adjustment of the partnership accounts was not a bar to the action, if the breach of this covenant by the defendant was not set up and litigated in that action.

APPEAL from a judgment.

CHARLES P. DALY, Chief Justice.—The contract between the parties was one of copartnership in the horses. The defendant purchased the one-half interest in each of them. He was to have the control of them. No charge was to be made against Phyfe, the plaintiff's assignor, for their keep or training, and the winnings were to be equally divided. So far as respects the common property and the profits from the joint adventure, it was a copartnership, and as by the terms of it, the defendant was to have the control of the horses and bear alone the expense of keeping and training them, the claim for which this action was brought is entirely separate and distinct from the copartnership, and was in no way involved or necessarily connected with the adjustment and settlement of it. Where such is the case, an action will lie by one partner against another, to recover a claim or debt. " There may be," said Lord Abinger in *Worrall* v. *Grayson* (1 M. & Welsb. 167), " a state of circumstances

Halliday v. Carman.

in which a debt arising out of partnership transactions may be due by one partner to another, and for which he may be entitled to sue alone." In *Venning* v. *Leckie* (13 East, 7), Lord Ellenborough recognized that there might be in the deed of copartnership, a covenant by one partner to the other, which could be enforced by an action at law, although there were partnership accounts afterwards which would require to be unraveled in a court of equity, and the rule is succinctly stated by Justice Allen, in *Crater* v. *Bininger* (45 N. Y. 549), as follows : "If the obligation or contract, though relating to the partnership business, is separate and distinct from all matters in question between the partners, and can be determined without going into the partnership accounts, an action will lie by one partner against the other," which is substantially the present case.

The defendant, after having agreed that Phyfe, after the copartnership was entered into, was not to be charged with the expense of keeping the horses, the defendant, by the terms of the agreement, having the sole control of them, and having neglected, for a considerable length of time, to take charge of them, although frequently requested by Phyfe to do so, by which Phyfe, in whose possession they were, was put to the expense of keeping them, Phyfe had a claim against the defendant for the payment of this amount, which, as between them, was entirely separate and distinct from the purpose for which the copartnership was formed.

It was said in *Townsend* v. *Goewey* (19 Wend. 429), upon the authority of the cases there cited, that a specific promise or an agreement between partners, though in respect to a part of the common fund, takes it out of the general account in equity, and makes it the subject of an action at law. The specific promise and arrangement in this case, was in these words : "No charge to be made against A. R. Phyfe for keep or training," and the defendant having failed to keep the promise, and imposed upon Phyfe the charge of keeping the horses for a certain period, it presented nothing but the defendant's individual legal liability to Phyfe for the expense incurred by the defendant's non-fulfillment of this specific promise or arrangement (*Gale* v. *Leckie*, 2 Starkie R. 107 ; *Neale* v. *Turton*, 4 Bing. 149).

It has been held that no action will lie between partners upon an *implied* promise (*Crater* v. *Bininger*, 45 N. Y. 548; *Townsend* v. *Goewey*, 19 Wend. 429). The meaning of this is that if one partner pays a debt due by the firm, he cannot maintain an action against the other upon an implied promise to repay him; for until an account is taken, it could not be ascertained whether he had or had not paid more than his proportion (*Gridley* v. *Dole*, 4 Comst. 492; Collyer on Part. § 264, Perkins ed.), and this rule has been applied where a number operate together, and one of them performs work and labor in furtherance of the common enterprise, as in the obtaining of an act of Parliament for a railway, which is not passed but withdrawn (*Holmes* v. *Higgins*, 1 B. & Cres. 74). It was held in that case, that an action would not lie against the others upon an *implied* promise to pay the plaintiff; but Lord Tenterden said, that if they had given a *personal* undertaking to pay the expenses he incurred, that might entail a legal liability.

In the present case there was such a personal undertaking. The defendant *expressly* agreed that Phyfe was to be at no expense or charge for the keeping of the horses. It was an agreement on his part to keep and maintain them after the copartnership was entered into; he, by the terms of the copartnership, having the sole control of them, and the action was maintainable to recover the damages which Phyfe had sustained by the defendant's non-fulfillment of this express promise, engagement or special arrangement. The liability arising upon it was entirely distinct from the affairs of the partnership, and in no way connected with the prosecution of it as a joint enterprise or adventure.

This being the case, it was not necessarily involved in the action brought for the dissolution of the partnership and an accounting, and the adjustment and settlement of the copartnership affairs by the mutual consent of the parties, in that action, constituted no bar to this action. This claim might have been included in that suit, at Phyfe's election, for the individual claims of the partners against each other may, under the Code, at the election of either, be embraced in the accounting and allowed or disallowed in ascertaining the final balance (see *More*

v. *Rand*, Com. Pleas and Ct. Appeals, 1875). But it was not, and the fact that it might have been, does not bring it within the rule which forbids the splitting up of demands into separate suits (*Secor* v. *Sturgis*, 16 N. Y. 554). An entire claim cannot be divided and made the subject of several suits, and if several suits be brought for different parts of it, the pendency of the first action may be plead in abatement of the others, or a judgment upon the merits in one may be pleaded in bar to the other. But a party is not required to unite distinct and independent causes of action. He may maintain separate actions upon several promissory notes, although he might have included them all in one action, and even separate items in a running account may be sued for separately under certain circumstances (*Hubbel* v. *Schreyer*, 4 Daly, 383). This was a distinct claim not necessarily connected with the dissolution, adjustment and settlement of the partnership, and in no way affected by that settlement. A separate action could be brought to recover it, and the pendency of the suit in equity, and the adjustment and settlement in it constituted no defense whatever to this action in bar, abatement, nor in any way. The settlement was that the horses should be put in the possession of Mr. Humphrey, to be sold by him at auction, and after deducting all the expenses incurred by him, that the residue of the proceeds should be equally divided between Phyfe and the defendant. This was a final settlement of the copartnership interest, but did not embrace this claim, nor affect it in any way. The judgment should be affirmed.

Joseph F. Daly and Van Hoesen JJ., concurred.

Judgment affirmed.