# N. Y. SUPERIOR COURT.

WILLIAM A. TORREY agt. HORATIO N. TWOMBLY, impleaded, &c.

*Complaint — Demurrer — Suit by one partner to recover amount of copartnership debt paid by him — What complaint should allege.*

The plaintiff sued his partner to recover two-thirds of the amount of a copartnership debt paid by him. The complaint did not allege settlement of accounts, balance struck, dissolution nor a promise to pay: *Held* bad on demurrer; that the law did not imply a promise from one partner to another as to their several accounts before dissolution, settlement or balance struck.

*William H. Arnoux*, for plaintiff.

*Joseph W. Howe*, for defendant.

SPEIR, *J.*— Demurrer to the complaint for that it appears upon the face of the complaint that it does not state facts sufficient to constitute a cause of action.

The plaintiff and the defendants Twombly and Benedict were parties having an equal third interest and liable each to an equal third of the debts and liabilities, and as such incurred a debt. The plaintiff paid the debt and collected an asset belonging to the firm, two-thirds of which he credited to the defendants and demanded judgment against them as partners for the said firm debt paid by him, less the credit. No dissolution is alleged, nor any settlement of accounts, nor any balance struck or due, and no promise to pay.

It is well settled that ordinarily one partner cannot sue his copartners at law in respect to their copartnership doings. It is not disputed that if the cause of action is distinct from the partnership accounts, and does not involve their consideration, an action at law may be maintained. So may one partner maintain an action against his copartner upon an

express promise, although connected with the partnership business (*Townsend* agt. *Goewey*, 19 *Wend.*, 424).

If one partner gives the other his promissory note or separate acceptance for value received on the partnership account, an action will lie on such note or acceptance. If the obligation or contract, though relating to the partnership business, is separate and distinct from all other matters in question between the partners, and can be determined without going into the partnership accounts, an action will lie by one partner against his copartner (*Crater* agt. *Bininger*, 45 *N. Y.*, 545).

The law will not imply a promise from one partner in respect to their common concerns (*Coll. on Part.*, 143). But there is nothing to preclude them from making a valid express contract, *inter se*, and in respect to any branch of their partnership business if they choose.

The existence of the partnership admitted, and no allegation of any dissolution or settlement or accounts or balance struck, or demand judgment for a sum certain, as an ascertained balance, the legal presumption follows that, from all that appears, the plaintiff may owe his copartners, or either of them, more than he claims to recover.

The complaint does not comprise a statement of all the facts which, being proved or admitted, entitles the plaintiff to recover on the case he makes. It should state upon the face thereof that, assuming it to be true, the law alone draws a necessary conclusion that a cause of action exists in favor of the plaintiff, unless the defendant can avoid such conclusion by some new facts. The complaint is plainly defective in the omission to state any of the exceptions to the general rule herein announced, which will permit a partner to sue his copartner at law in respect to partnership dealings.

The demurrer must be sustained, with costs.