ZACHARIAH E. SIMMONS, Appellant, *against* CHARLES H. MURRAY, Respondent.

(Decided May 3rd, 1886).

Actions brought against all the members of a co-partnership were compromised by the payment of money of the co-partnership, which was charged to three of the partners in equal shares. After the partnership had been dissolved and its accounts had been settled, plaintiff, who was one of the three copartners, brought an action against another of them to recover his own share of the money so paid, alleging in his complaint that it was paid "against the wish and protest of the plaintiff," and that the share charged to his account was so charged "improperly, unlawfully and against the protest of this plaintiff." He testified that defendant had told him of the arrangement for the payment, and asked him not to interfere with it, as no money of his would be taken to pay it, and said if any was taken he would see that it was returned. *Held*, that the complaint showed that defendant was sued as a partner and not as an individual, and that the recovery was sought by reason of acts performed in the partnership relation; that the evidence did not show any liability in such a suit, and the complaint should be dismissed; and that it was beyond the discretionary power of the court, by an amendment of the pleadings, to permit plaintiff to allege and prove an express contract between the parties and establish a cause of action against defendant individually.

An order denying a motion for a new trial, made on the ground of surprise by reason of illness of counsel during the trial, should not be reversed on appeal, where it does not appear upon the record that his illness was so severe as to have seriously affected his faculties.

APPEALS from a judgment of this court entered upon the dismissal of a complaint at the trial and from an order denying a motion for a new trial.

*John Graham*, for appellant.

*William G. Wilson*, for respondent.

LARREMORE, Ch. J.—On the 1st of January, 1869, the firm of Howard, Simmons & Co. was formed, consisting of the plaintiff, the defendant, one Charles T. Howard and one John A. Morris. Thereafter several actions were commenced

against the members of said firm by one Henry Colton, in which he made a claim against said co-partnership by reason of certain matters which arose before its formation. At some time during the year 1871 said actions were compromised and settled by the payment of $36,000 to said Colton and $2,000 to his attorney. This money was taken from the partnership funds of Howard, Simmons & Co., and charged in equal third parts to the accounts of Morris, Simmons and Murray respectively, it having been agreed as between the partners upon the organization of the firm that said Howard should not be liable upon any of the claims of the class set up by said Henry Colton. Plaintiff testifies that he had a conversation with defendant in December, 1871, about the moneys that were to be paid to Colton ; that " he (defendant) told me they had made an arrangement or were about to make an arrangement with Mr. Colton for the payment in satisfaction of this claim and asked me not to interfere with it, as no money of mine would be taken to pay it, and said if any was taken he would see that it was returned to me."

If plaintiff had assented to the arrangement so proposed by defendant, and this action had been brought on the theory of defendant's personal and sole liability by reason of an express contract between the parties, his cause of action would have been apparent. In *Crater* v. *Bininger* (45 N. Y. 545), it is held that " one partner may sue another at law in respect of a debt arising out of a partnership transaction, if the obligation or contract, though relating to the partnership business, is separate and distinct from all other matters in question between the partners, and can be determined without going into the partnership accounts . . . . . that one partner can maintain an action against his co-partner upon an express promise, although connected with the partnership business " (See also *Townsend* v. *Goewey*, 19 Wend. 424, 429 ; *Halliday* v. *Carman*, 6 Daly 422 ; *Torrey* v. *Twombly*, 57 How. Pr. 150).

But the case contains no proof of an express contract of this nature, for, although defendant is said to have made the

above proposition, it does not appear from the evidence that plaintiff assented to it. On the contrary, the complaint avers that the money was paid to Colton out of funds of the firm "against the wish and protest of the plaintiff herein," and that the share thereof charged to plaintiff's account was so charged "improperly, unlawfully and against the protest of this plaintiff;" moreover, the statement of plaintiff's counsel that, by reason of defendant's having neglected to plead defect of parties, the action stands "exactly as if it had been brought against Murray, Morris and Howard," shows that defendant is sued as a partner and not as an individual, and that the recovery was sought by reason of acts performed in the partnership relation.

On the theory of partnership liability the evidence establishes that the suits brought by Colton were pending against all the members of the firm, including plaintiff; that they were compromised by the payment of firm money, which was charged to plaintiff, Murray and Morris respectively in equal shares, and that the accounts of the firm have been settled.

On the testimony as it stands the proof as to this last point is conclusive. Howard says that the "accounts between the plaintiff, Simmons, and that firm have been settled," and plaintiff avers that "I have been settled with by Mrs. Howard."

There is nothing in the evidence to create any liability to a suit depending on the partnership relation, and the complaint was rightfully dismissed.

It cannot be said that the learned judge who presided at the trial was guilty of an abuse of discretion in not allowing the plaintiff to be recalled after the close of his case for further examination. He was of opinion that the discussion which ensued between the court and counsel was calculated to instruct the witness as to what position his attorney wished him to assume, and therefore that it would be unfair to permit him to take the stand again. Nothing is disclosed calling for an interference with such exercise of discretion.

In regard to the motion for a new trial on the ground of

surprise, I think under the circumstances it was properly denied. The papers used on the motion show that the counsel for plaintiff was in ill health during the trial and for some time thereafter. Still it is impossible to conclude from the record that his sickness was then so severe as to have seriously affected his faculties. The trial proceeded in the usual manner; witnesses were examined and exceptions taken to the rulings of the court by him. It furthermore appears from the form of his question at folio 84, that he himself had not overlooked the matter about which he wished plaintiff to testify, and which he seeks to have him prove in a new trial. The counsel suggested the matter to the plaintiff on the stand; but, even though prompted by this leading question, which was excluded, the witness did not, when he came to answer a question proper in form, give the testimony which counsel expected to draw from him. In the face of the record, which I have examined with care, I cannot decide that the learned judge at Special Term erred in holding that the illness of counsel was not such as to incapacitate him or sufficient to entitle plaintiff to a new trial on the ground of surprise.

I am strengthened in the conclusion that a new trial should not be granted by the fact, that if plaintiff had given the testimony he gave on the former trial, it does not appear that it would have made the result different.

The evidence in question is as follows :

" The settlement of the accounts of Howard, Simmons & Co. was made by my receipt to Mr. Howard for the payment of the amount of money due."

" I mean to be understood in this way, that I signed a receipt to Mr. Howard for all moneys due me under the proceeds of that partnership."

" At this time I said the receipt does not include my claim against Mr. Murray."

" Mr. Howard said : ' This is simply a receipt, as I understand it, from you for the money due from me, as the financial agent of the firm, and it has nothing to do with any claims that you have got against Murray.' "

How could this testimony help plaintiff in an action against defendant, as a partner, and which, according to his own statement and claim, is proceeding just as if the other members of the firm were also parties! It rather corroborates the evidence given on the present trial, that all the firm accounts and matters have been settled, and that any claim he may have is one against Murray as an individual.

It has already been intimated that if plaintiff had alleged in his complaint and proved on the trial an express contract with Murray, he might have established a cause of action against defendant individually at law under the authorities hereinbefore cited. But that he could not do in this action, for the allegations of the complaint are in direct conflict with such claim ; he did not prove such express contract; and, furthermore, it is beyond the discretionary power of the court to permit, under the guise of an amendment to pleadings, a complete tergiversation on plaintiff's part, and a radical change in the theory and scope of the action.

The judgment and order appealed from should be affirmed.

ALLEN, J., concurred.

Judgment and order affirmed.